(919 P.2d 368)
No. 74,523

STATE OF KANSAS, *Appellee*, v. MARC J. FISCHER, *Appellant*.

Opinion filed June 28, 1996.

*Rhonda Keylon Levinson*, special appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Rex L. Lane*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before LEWIS, P.J., ROYSE and GREEN, JJ.

GREEN, J.: Marc J. Fischer appeals from the sentence that the trial court imposed after he pleaded guilty to criminal threat. He contends that the trial court erred in considering his previous juvenile adjudications in computing his criminal history. We disagree. Additionally, Fischer contends that the trial court improperly entered a departure sentence when it failed to furnish any substantial and compelling reasons for the departure. We agree and remand for resentencing.

This criminal threat offense was Fischer's first adult felony. Fischer's previous criminal history included three juvenile adjudications that would have been nonperson felonies if Fischer had been an adult. Fischer was on juvenile probation for one of those adju-

dications when he committed the current offense. The trial court determined that Fischer's criminal severity level and history was a 9-E. Although the trial court noted that Fischer's criminal severity level and history would normally entitle him to presumptive probation, the trial court sentenced Fischer to incarceration. The trial court determined that it could impose imprisonment without entering a departure sentence because Fischer committed his current offense while he was on juvenile probation.

Because these issues require us to interpret a statute, our review is unlimited. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, 283, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

Fischer first argues that the trial court erred in considering his previous juvenile adjudications as part of his criminal history. In *State v. LaMunyon*, 259 Kan. 54, 61-62, 911 P.2d 151 (1996), our Supreme Court addressed the same juvenile code, due process, and ex post facto arguments that Fischer now makes and determined them to be unpersuasive. Consequently, Fischer's arguments must fail.

Next, Fischer argues that the trial court erred when it determined that his juvenile probation met the probation requirement of K.S.A. 21-4603d. Fischer further argues that because of that error, the trial court entered a departure sentence. K.S.A. 21-4603d(a) states:

"When a new felony is committed while the offender is . . . on probation, . . . the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a non-prison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

The State, however, argues that because Fischer's juvenile probation was equivalent to being on probation for a previous felony conviction, the trial court's imposition of a prison sentence for Fischer's " 'new [felony did] not constitute a departure.' "

Fischer argues that the legislature's use of the term "new" in front of "felony" shows that the legislature intended the provision to apply only to adult probation from a previous felony. We recently addressed an identical provision in *State v. Dillard*, 20 Kan. App. 2d 660, Syl. ¶ 3, 890 P.2d 1248 (1995). In *Dillard*, we specifically

stated that the provision only applies to offenders who are on felony probation when they committed their new felony.

Therefore, we must determine whether a juvenile probation for a juvenile adjudication that would have been a felony if the juvenile had been an adult is the same as being on probation for a previous felony conviction. Criminal probation is defined as "a procedure under which a defendant, *found guilty of crime* upon verdict or plea, is released by the court after imposition of sentence, without imprisonment." (Emphasis added.) K.S.A. 21-4602(c). Recently, we stated that "[t]he plain language of the Juvenile Offenders Code provides that adjudications under the code are not criminal convictions." *In re J.E.M.*, 20 Kan. App. 2d 596, 600, 890 P.2d 364 (1995).

In *J.E.M.*, a juvenile was charged with stealing cigarettes that had a value of less than $500. Normally, this value would have made the crime a misdemeanor. However, under K.S.A. 1993 Supp. 21-3701, the crime could be classified as a felony if a defendant had committed two previous thefts within 5 years of the current offense. J.E.M. had been adjudicated twice for theft as a juvenile during the 5-year period before his current offense. Because of J.E.M.'s previous adjudications, the State argued that he should be charged as a felon. On the other hand, J.E.M. argued that "the clear intent of the legislature [was] to treat juveniles differently from adults." 20 Kan. App. 2d at 598. In agreeing with J.E.M., the court stated:

"The legislature is aware that juvenile adjudications do not constitute criminal convictions. In drafting the Sentencing Guidelines Act, the legislature took great care to include criminal convictions and juvenile adjudications as part of the criminal history computation. Had the legislature meant for juvenile adjudications to be counted as convictions for the purpose of enhancing the crime severity level, it certainly could have drafted the statute to include them.

"One of the more common rules of statutory interpretation is that expressed in the Latin maxim *expressio unius est exclusio alterius, i.e.*, the mention or inclusion of one thing implies the exclusion of another. *State v. Luginbill*, 223 Kan. 15, 20, 574 P.2d 140 (1977). By specifically including juvenile adjudications in the guidelines statutes relating to criminal history computations and not including similar language in K.S.A. 1993 Supp. 21-3701, the legislature has demonstrated its intention that juvenile adjudications not be used to enhance the severity of a theft conviction." 20 Kan. App. 2d at 600-01.

The analysis of the *J.E.M.* court is equally applicable to this case, where the legislature has failed to specifically include felonies committed by defendants while on juvenile probation under K.S.A. 21-4603d. Furthermore, Fischer does not meet the definition of a "juvenile felon." The Juvenile Offenders Code defines a "juvenile felon" as "those persons who are 14 or 15 years of age at the time of the offense alleged in the complaint, such offense is a *class A or B felony*, if the offense was committed before July 1, 1993, or an *off-grid felony, a nondrug crime ranked at severity level 1, 2 or 3 or a drug crime ranked at severity level 1 or 2*, if the offense was committed on or after July 1, 1993, *such person was prosecuted as an adult and such person has been found guilty of such offense.*" (Emphasis added.) K.S.A. 38-16,112. First, Fischer's adjudication that caused him to be placed on juvenile probation does not meet the severity level of the crimes referred to in this section. Second, Fischer was not prosecuted for that adjudication as an adult. Consequently, the State's argument must fail.

Because the trial court failed to furnish substantial and compelling reasons for imposing a departure sentence in this case, we must remand for resentencing.

Affirmed in part, reversed in part, and remanded.