(185 P.3d 315)
No. 98,312

STATE OF KANSAS, *Appellee*, v. JAMES GAIL CODY CRAWFORD, *Appellant*.

—

Opinion filed June 13, 2008.

*Rachel Pickering* and *Sarah Morrison*, of Kansas Appellate Defender Office, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before HILL, P.J., ELLIOTT and PIERRON, JJ.

HILL, J: This appeal raises the question of whether an adult sentence can be consecutive to a juvenile sanction. This is the first time this issue has been addressed in Kansas. A court's power to impose consecutive sentences flows from statutory authority. Kansas sentencing statutes require some consecutive sentences in certain cases and give the court discretion to impose consecutive sentences in other circumstances. Because none of the consecutive-sentence statutes expressly include probations or imprisonments arising from juvenile adjudications, we hold the dis-

trict court had no authority to impose a consecutive adult sentence. We vacate the sentence and remand.

*The case history reveals a juvenile is certified to stand trial on an adult offense after his adjudication as a juvenile offender.*

Certified as an adult, in December 2006, James Gail Cody Crawford pled no contest to burglary and theft, severity level 9 nonperson felonies. The district court accepted his plea and found him guilty of both counts. Based on Crawford's prior juvenile adjudications, the court determined Crawford's criminal history to be a C. The sentencing court then granted Crawford presumptive probation for each offense, ordering these sentences to run consecutive to one another. As a condition to his probation, the sentencing court ordered Crawford to serve 4 weekends in the Atchison County Jail. In addition, because Crawford was on probation for juvenile adjudications of burglary and theft, the sentencing court ordered his adult sentences to run consecutive to his juvenile sanction, even though Crawford objected.

Following sentencing, Crawford filed a motion to correct illegal sentence, claiming the sentencing court erred in ruling his adult sentences consecutive to his juvenile adjudications. When a hearing took place, Crawford was in the custody of the Kansas Juvenile Correctional Complex in Topeka, Kansas, serving 18 months for his juvenile adjudications. After hearing arguments, the district court denied Crawford's motion. The district court ruled that "the court has the authority to order that the sentence resulting in probation, 2006 CR 597 may be ordered served with probation not starting until [Crawford] is released from custody in 2006 JV 96."

*Our standard of review and the applicable canon of statutory construction are fundamental.*

Whether a sentence is illegal within the meaning of K.S.A. 22-3504 is a question of law over which the appellate court's review is unlimited. *State v. Breedlove*, 285 Kan. 1006, 1009, 179 P.3d 1115 (2008); see *State v. Flores*, 283 Kan. 380, 382, 153 P.3d 506 (2007). An "illegal" sentence, as contemplated by K.S.A. 22-3504(1), is a sentence which does not conform to the statutory provision, either in the character or the term of the punishment

authorized. *State v. Davis*, 283 Kan. 767, 769, 156 P.3d 665 (2007). Therefore, in applying these legal principles, this court should follow the rules of statutory interpretation.

" 'The fundamental rule of statutory construction is that the intent of the legislature governs when that intent can be ascertained from the statute. [Citation omitted.] The general rule is that criminal statutes must be strictly construed in favor of the accused. Any reasonable doubt about the meaning is decided in favor of anyone subjected to the criminal statute. The rule of strict construction, however, is subordinate to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. [Citations omitted.] In construing statutes and determining legislative intent, several provisions of an act, *in pari materia*, must be construed together with a view of reconciling and bringing them into workable harmony if possible. [Citation omitted.]' [Citation omitted.]" *In re W.H.*, 274 Kan. 813, 818-19, 57 P.3d 1 (2002).

Going further, we believe the latin phrase *expressio unius est exclusio alterius* governs our statutory interpretations here. The rule states:

" 'The maxim *expressio unius est exclusio alterius, i.e.*, the inclusion of one thing implies the exclusion of another, may be applied to assist in determining actual legislative intent which is not otherwise manifest, although the maxim should not be employed to override or defeat a clearly contrary legislative intention. [Citations omitted.] Under this rule, when legislative intent is in question, we can presume that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list. [Citation omitted.]' [Citation omitted.]" *State v. Moffit*, 38 Kan. App. 2d 414, 419, 166 P.3d 435 (2007).

*A review of consecutive-sentence statutes is instructive.*

We must examine statutory concepts for this issue because common-law principles do not apply. Our Supreme Court has recognized the power to impose consecutive sentencing is found only within statutory authority and not through common-law authority. In *W.H.* the court stated: "From its early beginnings, Kansas relied upon statutory authority to impose consecutive sentencing even though Kansas may recognize that a court had the common-law authority to impose consecutive sentences. [Citation omitted.] The

common-law rule was abrogated by statute in 1855." 274 Kan. at 817.

Our statutes authorize consecutive sentences in three types of cases:

- when a court is imposing multiple sentences (K.S.A. 21-4608);
- when sentencing for certain specified crimes committed on or after July 1, 1993 (K.S.A. 2006 Supp. 21-4603d[f]);
- and, as an exercise of judicial discretion (K.S.A. 21-4720[b]). Pertinent excerpts from those laws follow:

K.S.A. 21-4608, which deals with multiple sentences, provides in relevant part:

"(c) Any person who is convicted and sentenced for a crime committed *while on probation*, assigned to a community correctional services program, on parole, on conditional release or on postrelease supervision for a felony *shall serve the sentence consecutively* to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release.

. . . .

"(e)(1) Any person who is convicted and sentenced for a crime committed *while such person is incarcerated* and serving a sentence for a felony in any place of incarceration *shall serve the sentence consecutively* to the term or terms under which the person was incarcerated." (Emphasis added.)

K.S.A. 2006 Supp. 21-4603d(f), which refers to authorized dispositions for crimes committed on or after July 1, 1993, states:

"When a new felony is committed while the offender is incarcerated and serving a sentence for a felony or while the offender is on probation, assignment to a community correctional services program, parole, conditional release, or postrelease supervision for a felony, a new sentence shall be imposed pursuant to the consecutive sentencing requirements of K.S.A. 21-4608, and amendments thereto, and the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a nonprison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure."

K.S.A. 21-4720(b), which in part deals with the trial court's discretion to impose concurrent or consecutive sentences, reads: "The sentencing judge shall otherwise have discretion to impose concurrent or consecutive sentences in multiple conviction cases. The

sentencing judge shall state on the record if the sentence is to be served concurrently or consecutively."

Finally, our definition of probation is found in K.S.A. 21-4602(c):

"[A] procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court or community corrections. In felony cases, the court may include confinement in a county jail not to exceed 60 days, which need not be served consecutively, as a condition of an original probation sentence and up to 60 days in a county jail upon each revocation of the probation sentence pursuant to subsection (b)(3) of K.S.A. 21-4603 and amendments thereto."

Clearly, none of the above statutes concerning consecutive sentences expressly include probations or incarcerations arising from juvenile adjudications. We believe that is significant, especially in view of how Kansas courts have approached similar sentencing matters.

*The cases reveal that juvenile adjudications are not functional equivalents of adult convictions.*

The case *In re J.E.M.*, 20 Kan. App. 2d 596, 890 P.2d 364 (1995), is where the Court of Appeals considered the defendant's appeal of the district court's ruling that J.E.M.'s prior juvenile adjudications should be counted as convictions for purposes of enhancing a theft conviction from a misdemeanor to a felony under K.S.A. 1993 Supp. 21-3701. In resolving this issue, the court reviewed various principles. It first noted that Kansas case law has previously recognized that juvenile adjudications are not equated with criminal convictions. 20 Kan. App. 2d 596, Syl. ¶ 3, 598. In contrast to that principle, the court in *J.E.M.* also acknowledged that Kansas statutes provide authority for courts to use juvenile adjudications for determining an offender's criminal history. 20 Kan. App. 2d at 599. Reconciling both views, the court in *J.E.M.* relied upon the legislature's omission of "juvenile adjudication" language in K.S.A. 1993 Supp. 21-3701. The court reasoned:

"The legislature is aware that juvenile adjudications do not constitute criminal convictions. In drafting the Sentencing Guidelines Act, the legislature took great care to include criminal convictions and juvenile adjudications as part of the crim-

inal history computation. Had the legislature meant for juvenile adjudications to be counted as convictions for the purpose of enhancing the crime severity level, it certainly could have drafted the statute to include them.

"One of the more common rules of statutory interpretation is that expressed in the Latin maxim *expressio unius est exclusio alterius, i.e.*, the mention or inclusion of one thing implies the exclusion of another. [Citation omitted.] By specifically including juvenile adjudications in the guidelines statutes relating to criminal history computations and not including similar language in K.S.A. 1993 Supp. 21-3701, the legislature has demonstrated its intention that juvenile adjudications not be used to enhance the severity of a theft conviction." 20 Kan. App. 2d at 600-01.

After that, in *State v. Fischer*, 22 Kan. App. 2d 568, 569, 919 P.2d 368 (1996), the trial court sentenced the defendant to prison, even though he qualified for presumptive probation, because the defendant had committed his adult offense while on juvenile probation. On appeal, the Court of Appeals examined whether defendant's juvenile probation qualified as "probation" as contemplated in K.S.A. 21-4603d(a) (Furse). 22 Kan. App. 2d at 569. K.S.A. 21-4603d(a) (Furse), now located in subsection (f)(1), states:

"'When a new felony is committed while the offender is . . . on probation, . . . the court may sentence the offender to imprisonment for the new conviction, even when the new crime of conviction otherwise presumes a non-prison sentence. In this event, imposition of a prison sentence for the new crime does not constitute a departure." See K.S.A. 21-4603d(f)(1) (Torrence).

Applying the same rationale in *J.E.M.*, the court in *Fischer* ruled that the defendant's adjudication did not meet the probation requirement in K.S.A. 21-4603d(a) (Furse), primarily basing its decision upon the legislature's failure to expressly include felonies committed by defendants while on juvenile probation. Thus, *Fischer* reversed the defendant's sentence, noting that without this statutory authority, the trial court failed to furnish substantial and compelling reasons for its imposition of a departure sentence. 22 Kan. App. 2d at 571.

Finally, the Supreme Court in the case *In re W.H.* resolved whether the Kansas Juvenile Justice Code provided authority for the imposition of consecutive juvenile sentences. (That code has since been repealed by the revised code, which took took effect January 1, 2007. See L. 2006, ch. 169, secs. 87, 140.) In *In re W.H.*,

the Supreme Court noted that the code is silent about whether it authorizes consecutive sentences for multiple juvenile adjudications. 274 Kan. at 815, 823. But, in comparing the consecutive statutory provisions of K.S.A. 21-4720(b) and K.S.A. 21-4608 in the Kansas Sentencing Guidelines Act (KSGA) to the juvenile code's omission of such similar statutes, the Supreme Court ascertained that the KSGA expressly permitted consecutive sentences for adult criminal offenses while the same was not provided for in the juvenile code (since repealed). Applying the rule of *expressio unius est exclusio alterius*, the Supreme Court "conclude[d] that the Kansas Legislature by its exclusion regarding consecutive sentences did not authorize the imposition of consecutive sentences under the [Kansas Juvenile Justice Code]." 274 Kan. at 823.

Such guidance is clear. The rule of *expressio unius est exclusio alterius* governs in situations where a trial court utilizes juvenile adjudications for sentencing purposes.

Based on the legislature's exclusion of specific language listing juvenile adjudications, we conclude that body meant to exclude juvenile adjudications from cases calling for consecutive adult sentences. The court here had no authority to impose a consecutive sentence. Thus, this was an illegal sentence.

We must point out that the law has changed. In 2007, the legislature amended K.S.A. 2006 Supp. 38-2376(a), dealing with the release of juvenile offenders, to include additional language. See L. 2007, ch. 198, sec. 8; effective May 24. New section (a) reads:

"When a juvenile offender has reached the age of 23 years, *has been convicted as an adult while serving a term of incarceration at a juvenile correctional facility,* or has completed the prescribed terms of incarceration at a juvenile correctional facility, together with any conditional release following the program, the juvenile shall be discharged by the commissioner from any further obligation under the commitment unless the juvenile was sentenced pursuant to an extended jurisdiction juvenile prosecution upon court order and the commissioner transfers the juvenile to the custody of the secretary of corrections." K.S.A. 2007 Supp. 38-2376(a) (New language is emphasized.).

Had that statute been in effect here, Crawford would have been discharged from his juvenile program and could have served his adult sentence.

*Two other issues are resolved.*

Two final points need no elaboration.

- **BIDS Fees.** Crawford cites *State v. Robinson*, 281 Kan. 538, 132 P.3d 934 (2006), in support of his argument. The State also concedes that this matter should be remanded for proceedings consistent with *Robinson*.
- **Criminal History.** Crawford asserts that the sentencing court improperly considered his juvenile adjudications as criminal history for the purpose of enhancing his sentence. For support, Crawford cites *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). Our Supreme Court has rejected the same argument in *State v. Hitt*, 273 Kan. 224, 236, 42 P.3d 732 (2002), *cert. denied* 537 U.S. 1104 (2003), which held that the use of prior juvenile adjudications in a defendant's criminal history does not violate his or her constitutional rights under *Apprendi*. Following *Hitt*, this court must hold the sentencing court did not err in using Crawford's prior juvenile adjudications to calculate his criminal history score.

We affirm the criminal history. We vacate the sentence and remand the case for a new sentence that is not consecutive to Crawford's juvenile sanction and in conformity with *Robinson*.

Affirmed in part, vacated in part, and remanded with directions.