(190 P.3d 271)

No. 97,943

STATE OF KANSAS, *Appellee*, v. SHERRICK ANDRE SIMS, *Appellant*.

—

Opinion filed August 22, 2008.

*Ryan Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Phill Kline*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before GREENE, P.J., MARQUARDT and LEBEN, JJ.

LEBEN, J.: While on a conditional release under the extended jurisdiction of juvenile court, Sherrick Sims committed two adult felonies when he sold cocaine and obstructed official duty. The State persuaded the district court to run the sentence for his adult convictions consecutive to the underlying sentence for the juvenile adjudication because (1) his adjudication would classify as a felony if he had been an adult when he committed the crime and (2) K.S.A. 21-4603d(f)(1) mandates that a new felony committed while on "conditional release . . . for a felony" shall be made consecutive to the sentence for the prior felony. But that statute doesn't explicitly refer to juvenile adjudications, and the State's interpretation of the statute is contrary to established Kansas caselaw that the legislature tells us explicitly when juvenile adjudications should count the same as adult convictions. We must vacate Sims' sentence and remand the case for resentencing.

Sims was obviously unsuccessful on his conditional release for his juvenile adjudication as he committed two new felonies. He is now subject to the 27-month sentence in that juvenile adjudication, and the district judge sentenced him to 40 months in prison for the new felonies, to be run consecutive to the juvenile adjudication. If those two sentences must be served consecutively, he faces a

total sentence of 67 months. On the other hand, if there is no authority to make the sentences consecutive, they must run concurrently, which would make his total sentence the longer of the two concurrent sentences, *i.e.*, 40 months.

For authority to make the sentences consecutive, the State relies upon K.S.A. 21-4603d(f)(1). That statute requires a consecutive sentence "[w]hen a new felony is committed while the offender is incarcerated and serving a sentence for a felony, or while the offender is on probation, assignment to community correctional services program, parole, conditional release, or postrelease supervision for a felony." In the statute, the series of terms from probation to postrelease supervision all share the same relationship to the phrase "for a felony" conviction.

Our court previously addressed the meaning of "on probation . . . for a felony" as used in this series. In *State v. Fischer*, 22 Kan. App. 2d 568, Syl. ¶ 2, 919 P.2d 368 (1996), we held that the phrase "on probation . . . for a felony" referred only to felony convictions and did not include juvenile adjudications as they "are not criminal convictions." Unless *Fischer* was wrongly decided, the same rule should apply to the rest of the terms in this series, including the part of the statute potentially applicable to Sims.

But we do not believe *Fischer* was wrongly decided. Indeed, it is in line with other cases. In *In re W.H.*, 274 Kan. 813, 823, 57 P.3d 1 (2002), the Kansas Supreme Court found that the Kansas Juvenile Justice Code did not authorize consecutive sentences but that the sentencing guidelines for adult proceedings did authorize them. In *In re J.E.M.*, 20 Kan. App. 2d 596, 600-01, 890 P.2d 364 (1995), our court noted that the severity-level-enhancement provisions of the Kansas Sentencing Guidelines Act did not reference juvenile adjudications but that the criminal-history provisions of the Act explicitly did so. From this, our court concluded that the legislature had not meant to include juvenile adjudications as a basis for increasing the severity level of the sentence.

Two other rules of statutory interpretation guide us here, too. First, the expression of one thing in a statute implies the exclusion of all others. We recognize that this rule is one of negative implication and thus is sometimes unreliable as it is an inference based

on the absence of something. See Eskridge, Frickey & Garrett, Legislation and Statutory Interpretation, pp. 263-64 (2d ed. 2006). But the juvenile-and adult-sentencing statutes are interrelated and have been carefully crafted. Juvenile adjudications are clearly referenced in several other adult sentencing statutes so we find the lack of explicit reference to them in K.S.A. 21-4603d(f) significant. It is unlikely that this exclusion was an accident. See *In re J.E.M.*, 20 Kan. App. 2d at 600-01 (relying upon this rule of statutory construction to support the conclusion that juvenile adjudications were not a basis for applying adult severity-level-enhancement statutes). Second, under the rule of lenity, penal statutes are narrowly construed in favor of the defendant. *State v. Zeit*, 39 Kan. App. 2d 364, Syl. ¶ 3, 180 P.3d 1068 (2008); see also *In re J.E.M.*, 20 Kan. App. 2d at 600 (relying upon this rule to support the conclusion that juvenile adjudications were not a basis for applying adult severity-level-enhancement statutes). To the extent that K.S.A. 21-4603d(f) is ambiguous about whether juvenile adjudications may serve as a trigger for the application of consecutive sentences, we should construe this statute in the defendant's favor since consecutive sentences can have serious impact. It is surely within the legislature's authority to provide for—or even to require—consecutive sentences. But such authority should be clearly granted, not implied from ambiguous language.

The State attempts to avoid the reach of the *Fischer* decision by arguing that Sims was subject to the extended jurisdiction of the juvenile court under K.S.A. 2007 Supp. 38-2364 (formerly K.S.A. 38-16,126), but Fischer was not. The State notes that K.S.A. 2007 Supp. 38-2364(2) provides that a juvenile receive "an adult criminal sentence" when the court is acting under its extended-jurisdiction provision. This is not is a distinction that makes a difference. The series of words, including "on probation" and "on conditional release," still should be interpreted the same. In addition, even though Sims received an adult sentence in the juvenile proceeding, his juvenile "adjudication" did not turn into a "sentence." And the State's argument doesn't impact the rules of statutory interpretation we have just discussed. The legislature has not explicitly provided in K.S.A. 21-4603d(f) that juvenile adjudications are in-

cluded, and the rule of lenity argues against implying a serious penalty from ambiguous language.

Another panel of our court has recently concluded that none of the statutes authorizing consecutive sentences in adult criminal cases include probations or incarcerations arising from juvenile adjudications as a triggering mechanism for a consecutive sentence. *State v. Crawford*, 39 Kan. App. 2d 897, 185 P.3d 315 (2008). The panel in *Crawford* considered K.S.A. 21-4603d(f) and other statutes. We agree with that panel: K.S.A. 21-4603d(f) does not provide for consecutive sentences based upon previous juvenile adjudications. We also note, as the *Crawford* panel did, that we have addressed only the statutes that were in effect when the defendant in our case committed the crimes, which was in June 2006.

The State has raised one other argument that we must address; the State suggests that this case is moot because our record does not show that Sims' conditional release in the juvenile case was revoked and that he was ordered to serve that sentence. But the party contending that an issue is moot has the obligation to provide some evidence in the record to establish that claim. See *State v. McIntyre*, 30 Kan. App. 2d 705, 706-07, 46 P.3d 1212 (2002). The State has not referenced any facts within the appellate record from which we can conclude that the case is moot. See *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.d 844 (2007).

Because K.S.A. 21-4603d(f) did not authorize consecutive sentences against Sims, the sentence entered against him is vacated. The case is remanded to the district court for resentencing.