NOT DESIGNATED FOR PUBLICATION

No. 115,603

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSIAH R. BUNYARD,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed June 8, 2018. Affirmed.


*Kimberly Streit Vogelsberg*, of Kansas Appellate Defender Office, for appellant.


*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before POWELL, P.J., ATCHESON and BRUNS, JJ.


POWELL, J.: Josiah R. Bunyard appeals his sentence, arguing the district court erred in calculating his criminal history score by including six expunged misdemeanor battery convictions for criminal history purposes. For reasons we outline below, we disagree and affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2015, Bunyard pled guilty to one count of possession of methamphetamine. The presentence investigation report scored Bunyard's criminal history as A, based in part on combining six prior adult misdemeanor battery convictions into two adult person felony convictions. Bunyard filed a motion objecting to his criminal history and argued that these convictions should not be scored because they had been expunged from his record. The district court denied Bunyard's objection at the sentencing hearing, gave him a criminal history score of A, and sentenced Bunyard to a term of 40 months in prison. Bunyard timely appeals from this decision.

Parenthetically, we note that Bunyard raised this same argument in his direct appeal of another criminal case. While the present appeal was pending, another panel of this court held in Bunyard's other case that, after reviewing various provisions in the criminal code, "[t]he legislature plainly intended that an expunged conviction be scored for criminal history purposes in the same manner as any other conviction. The directive is explicit and categorical." *State v. Bunyard*, No. 112,645, 2016 WL 1719607, at *16 (Kan. App. 2016) (unpublished opinion), *rev. granted* 306 Kan. 1321 (2017). Then, in February 2018, the Kansas Supreme Court held that the trial court had violated Bunyard's right to self-representation by denying his pretrial requests, found the error to be structural, and reversed Bunyard's convictions—and the panel's decision—without addressing the other issues decided by the panel, including whether Bunyard's expunged misdemeanor convictions should be included in his criminal history. *State v. Bunyard*, 307 Kan. 463, 477-78, 410 P.3d 902 (2018).

DID THE DISTRICT COURT ERR IN INCLUDING BUNYARD'S

EXPUNGED MISDEMEANOR CONVICTIONS FOR CRIMINAL HISTORY PURPOSES?

Bunyard advances a number of arguments in support of his position that his expunged misdemeanor battery convictions should not be included in his criminal history. Chief among them are that when applying the rules of statutory construction to the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2017 Supp. 21-6801 et seq., it is apparent that the Legislature did not intend to include expunged misdemeanor convictions in a defendant's criminal history; or, at the very least, there is ambiguity as to what the Legislature intended, necessitating the application of the rule of lenity—a rule requiring an interpretation of a doubtful meaning in a criminal statute in favor of the defendant. See *State v. Coman*, 294 Kan. 84, 87, 273 P.3d 701 (2012).

Not surprisingly, the State argues the opposite and briefly asserts that the previous *Bunyard* panel's decision requires application of the doctrine of collateral estoppel to this appeal. As to the State's second point, it fails to cite to any authority or provide any caselaw supporting its argument that collateral estoppel applies. Given our Supreme Court's reversal of the previous *Bunyard* panel's decision and the fact that we are not bound by another panel's decision, we decline to find that Bunyard is collaterally estopped from raising this issue. See *State v. Fahnert*, 54 Kan. App. 2d 45, 56, 396 P.3d 723 (2017).

Under the KSGA, a defendant's sentence is based on the severity of the current offense and the defendant's criminal history score. See K.S.A. 2017 Supp. 21-6804(a); K.S.A. 2017 Supp. 21-6805(a). The severity level of an offense is set by statute, whereas the criminal history score is based upon the defendant's prior convictions. See K.S.A. 2017 Supp. 21-6809. Here, the district court included in Bunyard's criminal history six expunged misdemeanor battery convictions, all person crimes, which were then combined into two adult person felony convictions. See K.S.A. 2017 Supp. 21-6811(a).

3

This had the effect of increasing Bunyard's criminal history score to an A, thereby increasing his presumptive sentence. If we find the district court erred in including Bunyard's six expunged misdemeanor battery convictions in his criminal history, then Bunyard's criminal history score will change downward, likely resulting in a reduced sentence. See K.S.A. 2017 Supp. 21-6809.

The parties do not challenge the facts underlying Bunyard's prior convictions; rather, the sole issue on appeal is the inclusion of his prior expunged misdemeanor battery convictions in his criminal history which requires an interpretation of the KSGA. "[S]tatutory interpretation is a question of law subject to unlimited review." *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984, 987 (2018).

> "The touchstone of statutory construction is that legislative intent governs where it can be ascertained. Our first attempt at ascertaining legislative intent involves reading the language of the statute, giving common words their ordinary meanings. But where the statute's language or text is unclear or ambiguous, we can employ canons of construction or legislative history to divine the Legislature's intent. [Citations omitted.]" 412 P.3d at 989.

"While criminal statutes are generally strictly construed against the State, this principle is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate the legislative design and the true intent of the law. [Citation omitted.]" *State v. Keel*, 302 Kan. 560, 572, 357 P.3d 251 (2015), *cert. denied* 136 S. Ct. 865 (2016).

The relevant portions of K.S.A. 2015 Supp. 21-6810, applicable at Bunyard's sentencing for his April 2013 crime, state:

> "(a) Criminal history categories contained in the sentencing guidelines grids are based on the following types of prior convictions: Person felony adult convictions, nonperson felony adult convictions, . . . person misdemeanor adult convictions,

4

nonperson class A misdemeanor adult convictions, . . . [and] select class B nonperson misdemeanor adult convictions . . . .

. . . .

"(d) Except as provided in K.S.A. 2015 Supp. 21-6815, and amendments thereto, the following are applicable to determining an offender's criminal history classification:

(1) Only verified convictions will be considered and scored.

(2) All prior adult felony convictions, *including expungements*, will be considered and scored. . . .

. . . .

(5) All person misdemeanors, class A nonperson misdemeanors and class B select nonperson misdemeanors, and all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored." (Emphasis added.)

Bunyard seizes upon the plain language of K.S.A. 2015 Supp. 21-6810(d)(2), plus the omission of the phrase "including expungements" in (d)(5) to argue that there exists a clear legislative intent not to score prior expunged misdemeanor convictions for criminal history purposes.

In light of the potential conflict within K.S.A. 2015 Supp. 21-6810, our duty is to avoid isolating any particular provision but to construe the act as a whole. *Coman*, 294 Kan. at 93. Thus, we consider "various provisions of an act [i.e., the KSGA and criminal code] in pari materia with a view of reconciling and bringing the provisions into workable harmony if possible. [We] also construe statutes . . . to avoid unreasonable results [and] presume that the legislature did not intend to enact meaningless or redundant legislation." *Keel*, 302 Kan. 560, Syl. ¶ 7.

K.S.A. 2015 Supp. 21-6810(a) does not refer to expungements when listing prior convictions. But K.S.A. 2015 Supp. 21-6810(d) also lists types of prior adult felony and

misdemeanor convictions used in criminal history classifications and uses the word "all" at the beginning of each list, indicating an intent for sentencing courts to score "the whole extent or quantity of" the convictions listed. See Webster's New World College Dictionary 37 (5th ed. 2014).

Moreover, the absence of the phrase "including expungements" in K.S.A. 2015 Supp. 21-6810(d)(5) does not necessarily show a legislative intent not to score expunged misdemeanor convictions for criminal history purposes. When reviewing the KSGA in its entirety, we find the Legislature does not reference in an express manner how to treat expunged prior convictions except in K.S.A. 2015 Supp. 21-6810(d)(2). For example, the definitions for "criminal history" and "criminal history score" state:

> "As used in K.S.A. 21-6801 through 21-6824, and amendments thereto:
> . . . .
> "(c) 'criminal history' means and includes an offender's criminal record of adult felony, class A misdemeanor, class B person misdemeanor or select misdemeanor convictions and comparable juvenile adjudications at the time such offender is sentenced;

> "(d) 'criminal history score' means the summation of the convictions described as criminal history that place an offender in one of the criminal history score categories listed on the horizontal axis of the sentencing guidelines grids." K.S.A. 2015 Supp. 21-6803.

K.S.A. 2015 Supp. 21-6811(a), which was utilized here, also states: "Every three prior adult convictions . . . of class A and class B person misdemeanors in the offender's criminal history, or any combination thereof, shall be rated as one adult conviction . . . of a person felony for criminal history purposes." Overall, we consider it significant that the KSGA does not generally and expressly differentiate between expunged and nonexpunged prior offenses when classifying prior convictions for criminal history purposes.

6

Further bolstering the view that expunged misdemeanors should be included in a defendant's criminal history is the language contained in the expungement statute. K.S.A. 2015 Supp. 21-5111(l) defines expungement as "the sealing of records such that the records are unavailable *except to the petitioner and criminal justice agencies* as provided by K.S.A. 22-4701 et seq., and amendments thereto, and except as provided in this act." (Emphasis added.) K.S.A. 2015 Supp. 21-6614 defines the expungement procedures and the crimes that may be expunged from a criminal record. While it is true that the purpose of the expungement statute is to treat someone who has had a conviction expunged "as not having been arrested, convicted or diverted of the crime," the same statute is subject to exceptions, including: "Upon conviction for any subsequent crime, the conviction that was expunged may be considered as a prior conviction in determining the sentence to be imposed." K.S.A. 2015 Supp. 21-6614(i)(1). Thus, the expungement statute specifically permits sentencing courts to consider an expunged offense as a prior conviction when sentencing a defendant in a later case.

In light of the language contained in the KSGA and the expungement statute favoring the inclusion of all prior convictions, the dictate in K.S.A. 2015 Supp. 21-6810(d)(5) that "[*a*]*ll* person misdemeanors . . . shall be considered and scored," and K.S.A. 2015 Supp. 21-6811(a) which states that every three prior adult misdemeanor convictions shall be rated as one adult person felony for criminal history purposes, we conclude the various provisions, when viewed together, show a legislative intent to consider and score all or every prior person misdemeanor conviction for criminal history purposes regardless of whether the prior conviction was expunged.

However, Bunyard argues that we cannot interpret K.S.A. 2015 Supp. 21-6810(d)(5) as impliedly containing the phrase "including expungements" without violating a canon of statutory construction and rendering the express phrase in K.S.A. 2015 Supp. 21-6810(d)(2) meaningless. Bunyard's assertion has some merit. The

7

previous *Bunyard* panel admitted: "Given the clarity of that legislative purpose, we must admit the phrase 'including expungements' in K.S.A. 2015 Supp. 21-6810(d)(2) appears to do no statutory work. And that runs counter to a canon of construction recognizing parts of a statute should not be rendered meaningless or vestigial if possible." 2016 WL 1719607, at *16. However, given the most "fundamental rule of statutory interpretation is that the intent of the legislature governs if that intent can be ascertained," *State v. Toliver*, 306 Kan. 146, 150, 392 P.3d 119 (2017), "[u]ltimately, the no-surplusage rule of construction is a secondary one that generally must yield to otherwise obvious legislative intent and purpose." *Bunyard*, 2016 WL 1719607, at *16.

The above analysis also defeats any argument that the canon of construction—*expressio unius est exclusio alterius*—applies. This Latin phrase means "'the inclusion of one thing implies the exclusion of another.'" *State v. Crawford*, 39 Kan. App. 2d 897, 899, 185 P.3d 315 (2008) (quoting *State v. Moffit*, 38 Kan. App. 2d 414, 419, 166 P.3d 435 [2007]). Typically, this rule is employed when legislative intent is in doubt and means "'that when the legislature expressly includes specific terms, it intends to exclude any items not expressly included in the specific list.'" 39 Kan. App. 2d at 899. However, "'the maxim should not be employed to override or defeat a clearly contrary legislative intention.'" 39 Kan. App. 2d at 899.

Finally, the rule of lenity also fails to save Bunyard's argument. "'[W]here a criminal statute is silent or ambiguous on a matter, the rule of lenity applies to mandate that the statute be construed in favor of the accused.'" *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016) (quoting *State v. Reese*, 300 Kan. 650, 653, 333 P.3d 149 [2014]). Again, because the Legislature has shown a clear intent to classify all prior convictions regardless of whether a conviction was expunged, the rule of lenity should not apply because the statutory language is not open to more than one reasonable and sensible interpretation. See *Coman*, 294 Kan. at 96. Instead, when the applicable provisions are viewed together, the statutory language leads to only one reasonable and

sensible interpretation: Courts may consider and score prior expunged convictions for criminal history purposes.

We find the district court did not err in including Bunyard's six expunged misdemeanor battery convictions in his criminal history and combining them into two adult person felony convictions for criminal history purposes.

Affirmed.