NOT DESIGNATED FOR PUBLICATION

No. 119,527

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEITH EUGENE BASGALL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 20, 2019. Affirmed in part, reversed in part, and remanded with directions.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., LEBEN, J., and WALKER, S.J.


PER CURIAM: Keith Eugene Basgall appeals the sentencing court's decision to run the sentence in his adult criminal case consecutively with a prior juvenile sentence. Basgall also argues he has a right to additional jail time credit. Although his jail time credit argument lacks merit, Basgall is correct that the district court could not legally run his adult and juvenile sentences consecutively. We therefore affirm the district court on the jail credit issue but reverse and remand the case with directions to correct Basgall's sentence.

1

In February 2014, Basgall was adjudicated a juvenile offender on two counts of lewd and lascivious behavior in case 12JV694. He was sentenced to the custody of the Juvenile Justice Authority and was required to register and report as a sex offender under the Kansas Offender Registration Act (KORA), then K.S.A. 2013 Supp. 22-4906(a)(1)(D), now K.S.A. 2018 Supp. 22-4906(a)(1)(E). While under the jurisdiction of the Juvenile Justice Authority, Basgall was unsuccessfully discharged from many facilities—going from jail or juvenile detention to residential placement and back again. In March 2016, Basgall left juvenile custody without authorization and the State issued a warrant for his arrest. He also failed to register and report the next month. Police later arrested Basgall. At the time of these violations Basgall was 19 years old.

On June 3, 2016, the State charged Basgall with one count of failing to report as a registered offender, a severity level 6 person felony in case 16CR1572. As part of a plea agreement, Basgall pled guilty to the charge. In exchange, the State agreed to recommend "the mid number in the appropriate Kansas sentencing guidelines grid box and that the presumption and special rule (crimes committed while on felony supervision) be applied for a prison sentence." The State also agreed to recommend Basgall's sentence run consecutive to his juvenile sentence in case 12JV694. Basgall reserved the right to argue for any lawful sentence, and the State reserved the right to oppose his request subject to the terms of their plea agreement. Basgall requested a dispositional departure, and the State opposed Basgall's request.

On January 18, 2017, Basgall appeared for sentencing in case 16CR1572. The sentencing court advised Basgall that under the special rules he faced a presumptive prison sentence for failing to register and committing a new crime while on probation for a felony with juvenile authorities. Even so, the court sentenced Basgall to a controlling sentence of 32 months, the low number on the sentencing guidelines grid box, and

ordered Basgall to report to community corrections for 24 months. The sentencing court also ordered Basgall's sentence to run consecutive to any time he owed on case 12JV964.

The State later filed a new criminal case, 17CR1693, against Basgall for violating his registration requirements under KORA. In June 2017, the State issued a warrant for Basgall based on the new offense.

Basgall appeared for sentencing in case 17CR1693 and probation revocation on case 16CR1572 in April 2018. Case 17CR1693 is not before us in this appeal. In case 16CR1572 the district court revoked Basgall's probation, remanded him to the custody of the Kansas Department of Corrections to serve the remainder of his 32-month sentence in prison, and noted his sentence would run consecutive with case 12JV964.

The journal entry for Basgall's probation revocation in 16CR1572 showed he spent 349 days in jail, as follows:

54 days – from June 2 to July 26, 2016
176 days – from July 26, 2016, to January 18, 2017
119 days – from December 13, 2017, to April 11, 2018.

Of this 349 days, Basgall was credited with only 295 days of jail time in case 16CR1572. His time in jail from June 2, 2016, to July 26, 2016, was credited to his prior juvenile case, 12JV694. Additionally, the journal entry in case 16CR1572 noted "[a]s this case is consecutive to 12JV694, defendant is not eligible for duplicate credit in 16CR1572."

Basgall has timely appealed the district court's order running his adult and juvenile sentences consecutively, and also from the denial of the 54 days of jail time credit allocated to his juvenile case.

3

Basgall's first claim on appeal is that his sentence is illegal. Specifically, he contends that the district court erred in ordering his sentence in case 16CR1572 to run consecutively to juvenile case 12JV694.

An illegal sentence includes a sentence that does not conform to the applicable statutory provisions. K.S.A. 2018 Supp. 22-3504(a). Basgall's issue is a question of law which is subject to unlimited appellate review. See *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). His issue also requires statutory interpretation, a question of law subject to unlimited appellate review. See *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). When a statute is plain and unambiguous, an appellate court will not speculate about the legislative intent behind that clear language, and will refrain from reading something into the statute not readily found in its words. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

The State concedes that Basgall's complaint is correct. Under K.S.A. 2018 Supp. 21-6606(c) district courts are required to order sentences to run consecutively in certain instances:

> "Any person who is convicted and sentenced for a crime committed while on probation, assigned to a community correctional services program, on parole, on conditional release or on postrelease supervision for a felony shall serve the sentence consecutively to the term or terms under which the person was on probation, assigned to a community correctional services program or on parole or conditional release."

But our court has held that K.S.A. 2018 Supp. 21-6606(c) does not apply when a defendant was on supervision for a juvenile adjudication. *State v. Crawford*, 39 Kan.

App. 2d 897, 900-03, 185 P.3d 315 (2008). The plain language of K.S.A. 2018 Supp. 21-6606(c) does not include juvenile adjudications, so we refrain from reading them into the statute. See *Barlow*, 303 Kan. at 813. Had the Legislature intended K.S.A. 2018 Supp. 21-6606(c) to apply to juvenile adjudications, it could have said so, but it chose to exclude those adjudications from consecutive sentences. See *State v. Martin*, 285 Kan. 735, 741-42, 175 P.3d 832 (2008) (noting the inclusion of one thing implies the exclusion of another).

Here, the district court clearly erred when it ordered Basgall's sentence in case 16CR1572 to run consecutively to case 12JV694. See *Crawford*, 39 Kan. App. 2d at 900-03. The district court should have run those sentences concurrently, not consecutively. See K.S.A. 2018 Supp. 21-6606(c). Because of this, we must remand the case to the district court for correction of Basgall's sentence.

In his next complaint, Basgall argues the district court erred when it denied him the right to receive 54 additional days of jail time credit. He argues the credit he received from June 2, 2016, to July 26, 2016, in case 12JV694 should apply as credit in case 16CR1572 because the two sentences must run concurrently, not consecutively. Basgall's argument lacks merit.

K.S.A. 2018 Supp. 21-6615 requires the sentencing court to award the defendant jail time credit for time spent in custody while awaiting the disposition of his or her case. *State v. Smith*, 309 Kan. 977, 981, 441 P.3d 1041 (2019). But a defendant may not receive jail time credit on a sentence when he or she has spent time in jail upon "'other, distinct, and wholly unrelated charges.'" 309 Kan. at 981 (quoting *State v. Denney*, 278 Kan. 643, 648, 101 P.3d 1257 [2004]).

Basgall is not entitled to the additional 54 days of jail time credit. During those days, he was held in custody for his juvenile case—12JV694. It is clear under both the

jail time credit statute and our caselaw that Basgall's time served on that case cannot be credited towards 16CR1572. See *Smith*, 309 Kan. at 981; *Denney*, 278 Kan. at 648.

Affirmed in part, reversed in part, and remanded with directions to modify Basgall's sentence in case 16CR1572 from consecutive to concurrent with case 12JV694.