20 Kan. App. 2d 596 (1995)
In the Matter of J.E.M.
No. 72,308
Court of Appeals of Kansas.
Opinion filed February 24, 1995.
Randy R. McCalla, of Speer, Austin, Holliday & Zimmerman, of Olathe, for appellant.
Karen L. Torline and Jackie E. Ulrich, assistant district attorneys, Paul J. Morrison, district attorney, and Robert T. Stephan, attorney general, for appellee.
Before RULON, P.J., BRAZIL and ROYSE, JJ.
RULON, J.:
JEM appeals the district court's determination that his prior juvenile adjudications should be counted as convictions for purposes of enhancing a misdemeanor to a felony conviction. We reverse and remand the cause for further proceedings.
The facts of this case are not in dispute:
*597 In March of 1994, the State filed a complaint against JEM for theft of property (cigarettes) valued at less than $500 in violation of K.S.A. 1993 Supp. 21-3701. The complaint alleged that, because JEM had been convicted of theft on two or more occasions within 5 years immediately prior to the instant offense, the crime should be ranked as a severity level 9 nonperson felony pursuant to K.S.A. 1993 Supp. 21-3701. The district court agreed and based on stipulated facts, JEM was adjudicated a juvenile offender for theft of property valued at less than $500 in violation of K.S.A. 1993 Supp. 21-3701, which the court determined to be a severity level 9 nonperson felony based on the two prior theft adjudications.
The parties stipulated that JEM had, within the 5 years immediately preceding the instant offense, been adjudicated a juvenile offender in case No. 92JV0581 for theft of cigarettes in violation of K.S.A. 21-3701. He was also adjudicated a juvenile offender in August of 1992 for theft of a bicycle in violation of K.S.A. 21-3701 in case No. 92JV1210. Theft of property worth less than $500 is a class A nonperson misdemeanor unless there exist prior convictions. K.S.A. 1993 Supp. 21-3701.
This issue is a matter of first impression in this state and involves a question of statutory interpretation and, thus, a question of law. A trial court's interpretation of a statute is a question of law, and this court's scope of review is unlimited. State v. Williams, 18 Kan. App.2d 424, 425, 856 P.2d 158 (1993). "When determining a question of law, this court is not bound by the decision of the district court." Memorial Hospital Ass'n, Inc. v. Knutson, 239 Kan. 663, 668, 722 P.2d 1093 (1986).
It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs if that intent can be ascertained. City of Wichita v. 200 South Broadway, 253 Kan. 434, 436, 855 P.2d 956 (1993).
"`In determining legislative intent, courts are not limited to a mere consideration of the language used, but look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished and the effect the statute may have under the various constructions suggested.'" State v. Gonzales, 255 Kan. 243, 249, 874 P.2d 612 (1994) (quoting Brown v. Keill, 224 Kan. 195, Syl. ¶ 3, 580 P.2d 867 [1978]).

*598 "`[T]he legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible.' [Citation omitted.]" Todd v. Kelly, 251 Kan. 512, 516, 837 P.2d 381 (1992).
JEM argues that pursuant to the Kansas Juvenile Offenders Code, the clear intent of the legislature is to treat juveniles differently from adults. He argues that pursuant to K.S.A. 38-1601, no order of the district court in any proceeding under the provisions of the juvenile code shall be deemed to import a criminal act on the part of any juvenile. JEM claims that the terms "adjudicated" and "convicted" are mutually exclusive.
The State agrees that juveniles are to be treated differently from adults. However, it claims that the legislature drafted the statute in such a way as to make sure repeat misdemeanor juvenile offenders received the appropriate rehabilitation services, which are only available to felons. Therefore, solely for the purpose of enhancing sentences for repeat offenders, the legislature meant for the term "adjudication" to be synonymous with the term "conviction."
K.S.A. 1993 Supp. 21-3701, in part, provides:
"Theft is any of the following acts done with the intent to deprive the owner permanently of the possession, use or benefit of the owner's property:
....
"... Theft of property of the value of less than $500 is a class A nonperson misdemeanor, except that theft of property of the value of less than $500 is a severity level 9, nonperson felony if committed by a person who has, within five years immediately preceding commission of the crime, been convicted of theft two or more times."
K.S.A. 38-1601 reads, in relevant part:
"In no case shall any order, judgment or decree of the district court, in any proceedings under the provisions of this code, be deemed or held to import a criminal act on the part of any juvenile, but all proceedings, orders, judgments and decrees shall be deemed to have been taken and done in the exercise of the parental power of the state."
Kansas case law has previously recognized that juvenile adjudications are not equated with criminal convictions. "Under Kansas *599 statutes a juvenile proceeding is considered a civil proceeding of a protective nature totally divorced from any criminal implication." State v. Muhammad, 237 Kan. 850, Syl. ¶ 2, 703 P.2d 835 (1985). "[T]he adjudication of delinquency against [a] defendant under the Federal Juvenile Delinquency Act does not amount to a prior conviction of a felony as intended by the Habitual Criminal Act of this state and ... it cannot be used to enhance the penalty which may be imposed against the defendant." State v. Fountaine, 196 Kan. 638, 645, 414 P.2d 75 (1966).
However, the State correctly notes that pursuant to the Kansas Sentencing Guidelines Act, K.S.A. 1993 Supp. 21-4701 et seq., juvenile adjudications are used in the computation of criminal history scores. The critical question is whether the adoption of the sentencing guidelines evinces a change in legislative intent to mandate that juvenile adjudications are now synonymous with criminal convictions.
K.S.A. 1993 Supp. 21-4711(f) states that for purposes of determining an offender's criminal history classification, "juvenile adjudications will be applied in the same manner as adult convictions." K.S.A. 1993 Supp. 21-4709 lists the nine criminal history categories. All nine categories make reference to "adult convictions or juvenile adjudications." K.S.A. 1993 Supp. 21-4710 states that the criminal history categories contained in the guidelines are based upon prior convictions of person adult felonies, nonperson adult felonies, person and nonperson felony juvenile adjudications, person and nonperson class A misdemeanor convictions, person and nonperson class A misdemeanor juvenile adjudications, person class B adult convictions and juvenile adjudications, and certain select nonperson class B adult convictions and juvenile adjudications. "Criminal history" is defined as, and includes, any adult felony, any class A or class B person misdemeanor, or other select misdemeanor convictions and comparable juvenile adjudications possessed by an offender at the time such offender is sentenced. K.S.A. 1993 Supp. 21-4703(d).
We note, however, that the sentencing guidelines consist of two components  crime severity level and criminal history. "The sentencing guidelines grid is a two-dimensional crime severity and *600 criminal history classification tool. The grid's vertical axis is the crime severity scale which classifies current crimes of conviction. The grid's horizontal axis is the criminal history scale which classifies criminal history." K.S.A. 1993 Supp. 21-4704(c). The provision of K.S.A. 1993 Supp. 21-3701 which elevates theft of property worth less than $500 to a level 9 nonperson felony deals with crime severity level, not criminal history. Further, unlike the criminal history statutes in the Sentencing Guidelines Act, K.S.A. 21-3701 does not specifically include juvenile adjudications.
It has long been the law in this jurisdiction that criminal statutes are to be construed strictly against the State. State v. JC Sports Bar, Inc., 253 Kan. 815, 818, 861 P.2d 1334 (1993). Additionally, where the language is plain and unambiguous, the courts are required to give effect to the language without considering what the law should or should not be. Martindale v. Tenny, 250 Kan. 621, Syl. ¶ 2, 829 P.2d 561 (1992). The plain language of K.S.A. 1993 Supp. 21-3701 indicates that only prior theft convictions may be used to enhance the severity level of the crime. The plain language of the Juvenile Offenders Code provides that adjudications under the code are not criminal convictions.
The legislature is aware that juvenile adjudications do not constitute criminal convictions. In drafting the Sentencing Guidelines Act, the legislature took great care to include criminal convictions and juvenile adjudications as part of the criminal history computation. Had the legislature meant for juvenile adjudications to be counted as convictions for the purpose of enhancing the crime severity level, it certainly could have drafted the statute to include them.
One of the more common rules of statutory interpretation is that expressed in the Latin maxim expression unius est exclusio alterius, i.e., the mention or inclusion of one thing implies the exclusion of another. State v. Luginbill, 223 Kan. 15, 20, 574 P.2d 140 (1977). By specifically including juvenile adjudications in the guidelines statutes relating to criminal history computations and not including similar language in K.S.A. 1993 Supp. 21-3701, the *601 legislature has demonstrated its intention that juvenile adjudications not be used to enhance the severity of a theft conviction.
Reversed and remanded for further proceedings.