(9 P.3d 586)

No. 84,315

In the Interest of B.K.J., J.A.J., J.J.J., and C.J., Minor Children Under the Age of Eighteen Years.

Opinion filed July 28, 2000.

*Roger Batt*, of Wichita, for appellant.

*Gwendolen B. Mason*, of Kansas Department of Social and Rehabilitation Services, of Wichita, for appellee.

Before BRAZIL, C.J., BEIER, J., and J. STEPHEN NYSWONGER, District Judge, assigned.

NYSWONGER, J.: The mother, M.J., appeals the termination of her parental rights to B.K.J., J.A.J., J.J.J., and C.J., alleging improper service of process. We reverse and remand.

On September 17, 1998, the Kansas Department of Social and Rehabilitation Services (SRS) filed a motion for review and termination of the parental rights of M.J.

M.J. was present at a review hearing on October 22, 1998. At that hearing she was ordered to attend a pretrial conference on January 15, 1999, as well as the hearing on the motion on February 10 and 12, 1999. M.J. received personal service of the notice for the January 15, 1999, pretrial conference and certified mail service for the February 10 hearing. The certified mail providing the notice of the February 10 hearing was returned by the post office as unclaimed.

On January 22, 1999, SRS filed an amended motion for review and termination. The certificate of service shows that a copy of the motion was mailed to M.J.'s attorney. The record is silent as to whether M.J. received notice of the amended motion pursuant to K.S.A. 38-1533 and K.S.A. 38-1534.

M.J. did not appear at the February 10, 1999, hearing on the motion to terminate parental rights. M.J.'s attorney objected to service of process on the original motion and on the amended motion. SRS argued that, because M.J. was present at the review hearing, she had notice. The trial court agreed with SRS and proceeded to hearing on the motion. After the hearing the trial court found M.J. unfit and terminated her parental rights.

## Notice of Hearing

A trial court's interpretation of a statute is a question of law, and this court's scope of review is unlimited. When determining a question of law, this court is not bound by the decision of the district court. *In re J.E.M.*, 20 Kan. App. 2d 596, 597, 890 P.2d 364 (1995).

SRS filed an original motion to request termination of M.J.'s parental rights and later amended it. Any interested party may request a parent be found unfit and parental rights be terminated or a permanent guardian be appointed by petition or motion. K.S.A. 1999 Supp. 38-1581. K.S.A. 1999 Supp. 38-1582(b)(1)(A) requires the trial court to give notice of the hearing as provided in K.S.A. 38-1533 and K.S.A. 38-1534.

K.S.A. 38-1533(a) provides that the summons and a copy of the petition shall be served on the child alleged to be a child in need of care by serving the guardian ad litem appointed for the child, the parents or parent having legal custody or who may be ordered to pay child support by the court, the person with whom the child is residing, and any other person designated by the county or district attorney. Methods for service of process include restricted mail service, which is completed upon mailing in accordance with K.S.A. 60-103. K.S.A. 38-1534(c).

The notice for the February 10, 1999, hearing was mailed by certified mail. SRS asserts that certified mail is substantially the

same as restricted mail and satisfies the notice requirement. K.S.A. 60-103 defines restricted mail as mail

"which carries on its face the endorsements 'return receipt requested showing address where delivered' and 'deliver to addressee only' and for which the appropriate fees have been paid upon mailing for the processing of mail so endorsed in accordance with the regulations of the postal department, except that mail on which the addressee is not a natural person or persons the endorsement 'deliver to addressee only' may be omitted."

In contrast, service of process by certified mail requires the sheriff of the county where the action is filed to evidence it by a return receipt signed by any person or by restricted delivery. K.S.A. 61-1803(b). It does not require the endorsements "return receipt requested showing address where delivered" and "deliver to addressee only." Service of process by restricted mail is different from service by certified mail.

Since certified mail is not a prescribed method of service under K.S.A. 38-1534, the trial judge erred in ruling M.J. received proper notice and service of process on the motion and amended motion to terminate her parental rights.

Reversed and remanded for a new trial.