(191 P.3d 357)
No. 98,763

STATE OF KANSAS, *Appellee*, v. JAMES BOYER, *Appellant*.

Opinion filed September 5, 2008.

*Lydia Krebs*, of Kansas Appellate Defender Office, for appellant.

*Lesley A. Isherwood*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, for appellee.

Before GREENE, P.J., MARQUARDT and LEBEN, JJ.

LEBEN, J.: Kansas sentencing statutes provide for doubling the recommended sentence for a persistent sex offender who commits a new sex offense. Whether someone is classified as a persistent sex offender depends upon whether he or she has a prior conviction for a sexually violent crime. But the term usually used for proceedings in juvenile court is an adjudication, not a conviction. We must determine in this case whether a past juvenile adjudication may be used as the basis for classifying a defendant as a persistent sex offender.

James Boyer was sentenced to 110 months in prison on his primary offense, which was double the sentence he would have received had he not been classified as a persistent sex offender. That classification was based on a juvenile adjudication, not an adult conviction. If that juvenile adjudication were not considered, Boyer would not have been classified as a persistent sex offender, and his maximum sentence would have been 55 months on the primary offense.

In several other cases, the Kansas appellate courts have noted that the legislature has explicitly included juvenile adjudications in

some criminal sentencing statutes. In these cases, we have generally concluded that references only to convictions do not include juvenile adjudications. After reviewing the statutes applicable to Boyer's case, we find that the same principles apply here.

The statutory provisions at issue are K.S.A. 21-4704(j) and K.S.A. 21-4710. K.S.A. 21-4704(j) is the statute that doubles a sentence for persistent sex offenders. K.S.A. 21-4710 determines what crimes are scored in determining a defendant's criminal-history score. Kansas uses a sentencing grid box in which the seriousness of the crime (called the severity level of offense) and the seriousness of the defendant's criminal past (called the criminal-history score) determine the sentences available for most felony crimes in Kansas. The sentences provided in the sentencing grid box are doubled for persistent sex offenders under K.S.A. 21-4704(j).

On appeal, Boyer argues that his juvenile adjudication shouldn't have triggered the sentencing rules for persistent sex offenders. As a statute's context can be important when determining its meaning, we have included complete subsections of the pertinent statutes here. The statutes are as they stood in September 2006 when Boyer committed the offenses. K.S.A. 21-4704(j) sets out the sentencing rules for persistent sex offenders. It has no references to juvenile adjudications but has several references to convictions (including reference to "convicted crimes" or having "been convicted"). Subsection (j)(1) provides for the sentence doubling. Subsection (j)(2) determines which convictions qualify to classify someone as a persistent sex offender while subsection (j)(3) provides exceptions. Each subsection refers to convictions but not to adjudications:

"(j) (1) The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. The sentence for any persistent sex offender whose current conviction carries a presumptive nonprison term shall be presumed imprisonment and shall be double the maximum duration of the presumptive imprisonment term.

"(2) Except as otherwise provided in this subsection, as used in this subsection, 'persistent sex offender' means a person who: (A) (i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto; and (ii) at the time of the conviction under paragraph (A) (i) has at least one conviction for a sexually violent crime, as defined in K.S.A. 22-3717 and

amendments thereto in this state or comparable felony under the laws of another state, the federal government or a foreign government; or (B) (i) has been convicted of rape, K.S.A. 21-3502, and amendments thereto; and (ii) at the time of the conviction under paragraph (B) (i) has at least one conviction for rape in this state or comparable felony under the laws of another state, the federal government or a foreign government.

"(3) Except as provided in paragraph (2)(B), the provisions of this subsection shall not apply to any person whose current convicted crime is a severity level 1 or 2 felony." K.S.A. 21-4704.

K.S.A. 21-4710(a) determines which convictions are included for determining a defendant's criminal-history score, and that score determines the range of potential sentences for a specific offense. Obviously, whether some past offense counts for this purpose is important. The statute has specific references to both convictions and to juvenile adjudications, including a specific reference to which juvenile adjudications will be counted:

"(a) Criminal history categories contained in the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes are based on the following types of prior convictions: Person felony adult convictions, nonperson felony adult convictions, person felony juvenile adjudications, nonperson felony juvenile adjudications, person misdemeanor adult convictions, nonperson class A misdemeanor adult convictions, person misdemeanor juvenile adjudications, nonperson class A misdemeanor juvenile adjudications, select class B nonperson misdemeanor adult convictions, select class B nonperson misdemeanor juvenile adjudications and convictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as a person misdemeanor, select nonperson class B misdemeanor or nonperson class A misdemeanor. A prior conviction is any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."

Later subsections define terms like "select misdemeanor," which is a weapons violation, K.S.A. 21-4710(b), or clarify whether convictions ever "decay" or cease to be counted. K.S.A. 21-4710(c), (d). No adult felony convictions ever go away for purposes of criminal-history scoring, K.S.A. 21-4710(d)(2), (3), but juvenile adjudications that are equivalent to adult felonies are scored forever

only if they fit certain categories, like person felonies or particularly serious felonies. K.S.A. 21-4710(d)(4), (5), (6).

Any review of a statute must begin with the statute's words. It seems significant that a persistent sex offender by definition must have "at least one conviction for a sexually violent crime." K.S.A. 21-4704(j)(2)(A)(ii). The juvenile system uses the term adjudication, not conviction. One might argue that adjudications are equivalent to convictions and, thus, the legislature's reference to convictions should be read broadly to include any equivalent determinations.

But that seems a weak inference when the legislature has so carefully distinguished between criminal convictions and juvenile adjudications in other statutes, such as K.S.A. 21-4710. The Kansas Supreme Court and our court have emphasized such differences in statutory language and concluded that a reference only to convictions did not implicitly include juvenile adjudications in several past decisions:

- In *In re W.H.*, 274 Kan. 813, 823, 57 P.3d 1 (2002), the Kansas Supreme Court held that the Kansas Juvenile Justice Code did not authorize consecutive sentences even though sentencing guidelines for adult proceedings did. The court held that the lack of reference to consecutive sentences in juvenile proceedings, while the adult statute specifically provided for consecutive sentences, brought into play the rule of statutory interpretation that the expression of one thing excludes the other (or, in Latin, *expressio unius est exclusio alterius*). Thus, consecutive sentences weren't available in juvenile proceedings because the legislature hadn't provided for them.
- *In re J.E.M.*, 20 Kan. App. 2d 596, 600-01, 890 P.2d 364 (1995), our court noted that the severity-level-enhancement provisions of the Kansas Sentencing Guidelines Act did not reference juvenile adjudications but the criminal-history provisions of the Act explicitly did so. From this, our court concluded that the legislature had not meant to include juvenile adjudications as a basis for increasing the severity level of the offense.

- In *State v. Fischer*, 22 Kan. App. 2d 568, Syl. ¶ 2, 919 P.2d 368 (1996), we held that the a statute providing for presumptive prison when an adult was convicted for a "new felony" while the offender is "on probation for a felony" referred only to prior probations for felony convictions and did not include probations for juvenile adjudications.
- Recently, in *State v. Crawford*, 39 Kan. App. 2d 897, 185 P.3d 315 (2008), and *State v. Sims*, 40 Kan. App. 2d 119, 190 P.3d 271 (2008), we have concluded that an adult sentence may not be made consecutive to the sentence from a juvenile adjudication. In each of these cases, we have emphasized that K.S.A. 21-4603d(f), which provides for consecutive sentences on adult convictions, makes no reference to juvenile adjudications. We have found that lack of reference significant in light of the specific references found to juvenile adjudications in other sentencing statutes, like K.S.A. 21-4710(a).

The issue before us in Boyer's case is quite similar to the ones faced in these cases. In each of these cases, courts have noted the care with which the statutes for both juvenile and adult proceedings have been written. In each of these cases, courts have declined to infer statutory coverage of situations not explicitly covered.

In addition, general rules of statutory interpretation also support Boyer's argument. First, the plain words of the statute reference juvenile adjudications in the general provision for calculating criminal-history scores but not in the specific provision determining who may be classified a persistent sex offender. Specific statutes generally control over more general ones. *In re K.M.H.*, 285 Kan. 53, 82, 169 P.3d 1025 (2007). Second, as the Kansas Supreme Court recognized in *In re W.H.*, the expression of one thing in a statute generally implies the exclusion of others. The juvenile-and adult-sentencing statutes are interrelated and have been carefully crafted. Juvenile adjudications are clearly referenced in several other adult sentencing statutes so we find the lack of explicit reference to them in the statute defining persistent sex offenders significant. It is unlikely that this omission was an accident. Third,

under the rule of lenity, penal statutes are narrowly construed in favor of the defendant. *State v. Zeit*, 39 Kan. App. 2d 364, Syl. ¶ 3, 180 P.3d 1068 (2008); *In re J.E.M.*, 20 Kan. App. 2d at 600. To the extent that K.S.A. 21-4704(j) is ambiguous about whether juvenile adjudications may be used to classify someone as a persistent sex offender, we construe the statute in the defendant's favor since consecutive sentences can have serious impact. It is within the legislature's authority to say that juvenile adjudications may be used for this purpose. But such authority should be clearly granted, not implied from ambiguous language.

The cases the State argues are to the contrary do not call for a different result in Boyer's case. *State v. LaMunyon*, 259 Kan. 54, 911 P.2d 151 (1996), involved only the calculation of the criminal-history score under K.S.A. 21-4710(a), where the statute unambiguously references many juvenile adjudications. Thus, our Supreme Court ruled in *LaMunyon* that juvenile adjudications could be used to figure criminal-history scores under the sentencing guidelines. See 259 Kan. at 58-62. We also recognize that *State v. Allen*, 283 Kan. 372, 375-76, 153 P.3d 488 (2007), references the use of a juvenile adjudication to classify a defendant as a persistent sex offender and that the court did not say that this was improper. But the court decided *Allen* on an altogether different line of argument. The *Allen* court held that it would have violated the defendant's jury-trial rights to conclude that his past juvenile adjudication referenced a "sexually motivated" offense. 283 Kan. at 377-79. There is no indication in *Allen* that the court considered—or the defendant presented—the issue raised here by Boyer.

We are aware that a panel of our court has held in an unpublished opinion that a juvenile adjudication could be used to classify a defendant as a persistent sex offender. *State v. Swisher*, No. 94,705, unpublished opinion filed April 6, 2007. That court first noted *State v. Hitt*, 273 Kan. 224, 236, 42 P.3d 732 (2002), *cert. denied* 537 U.S. 1104 (2003), for the proposition that "juvenile adjudications enjoy ample procedural safeguards" and, thus, juvenile "adjudications need not be proven to a jury beyond reasonable doubt before they can be included in a defendant's criminal history pursuant to K.S.A. 21-4710(a)." Slip op. at 6. The *Swisher*

panel then concluded that "consistent with *Hitt*, there is no indication the legislature intended K.S.A. 2006 Supp. 21-4704(j)(2) to have a different application than K.S.A. 21-4710(a), which explicitly includes juvenile adjudications as a type of prior conviction for criminal history purposes." Slip op. at 6-7.

We believe that *Swisher*'s assumption that the prior convictions defined in K.S.A. 21-4710(a) apply in all contexts is misplaced. K.S.A. 21-4710(a) has no *explicit* application to anything but figuring the criminal-history score, a separate endeavor from classifying a person as a persistent sex offender. In K.S.A. 21-4710(a), the legislature certainly has carefully defined which past convictions and adjudications count in calculating a criminal-history score. But the past cases we have cited note how carefully the statutes for criminal sentencing have been constructed. For the reasons we have explained, we cannot add language to K.S.A. 21-4704(j) that is not present there—and the statute simply makes no reference at all to juvenile adjudications or, for that matter, to K.S.A. 21-4710(a).

Because the defendant was sentenced as a persistent sex offender, his sentences must be vacated and the case remanded for resentencing.

The defendant has separately argued that the mere use of any prior convictions to calculate his criminal-history score violated his jury-trial rights. That argument is without merit under decisions of the Kansas Supreme Court. *State v. Storey*, 286 Kan. 7, Syl. ¶ 4, 179 P.3d 1137 (2008); *State v. Ivory*, 273 Kan. 44, 47, 41 P.3d 781 (2002).

The sentences entered against the defendant are vacated. The case is remanded for resentencing.