No. 98,763

STATE OF KANSAS, *Appellee*, v. JAMES BOYER, *Appellant*.

(209 P.3d 705)

Opinion filed June 19, 2009.

*Lydia Krebs*, of Kansas Appellate Defender Office, argued the cause and was on the brief for the appellant.

*Lesley A. Isherwood*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Paul J. Morrison*, attorney general, were with her on the brief for the appellee.

The opinion of the court was delivered by

ROSEN, J.: The State seeks review of a published opinion of the Court of Appeals in *State v. Boyer*, 40 Kan. App. 2d 318, 191 P.3d 357 (2008), holding that a prior juvenile adjudication for a sex crime could not be the basis for sentencing the defendant as a persistent sex offender under K.S.A. 21-4704(j). A separate panel of the Court of Appeals held in *State v. Swisher*, No. 94,705, unpublished opinion filed April 6, 2007, *rev. denied* 284 Kan. 951 (2007), that a prior juvenile adjudication could be the basis of a persistent sex offender finding. This court granted the State's petition for review in order to resolve the conflict.

The relevant facts of this case were set out by the Court of Appeals' opinion this way:

"James Boyer was sentenced to 110 months in prison on his primary offense, which was double the sentence he would have received had he not been classified

as a persistent sex offender. That classification was based on a juvenile adjudication, not an adult conviction. If that juvenile adjudication were not considered, Boyer would not have been classified as a persistent sex offender, and his maximum sentence would have been 55 months on the primary offense." *Boyer*, 40 Kan. App. 2d at 318.

This case requires the interpretation of K.S.A. 21-4704(j), which mandates doubling of the maximum duration of imprisonment if an offender has "at least one [prior] conviction for a sexually violent crime." K.S.A. 21-4704(j)(2). Specifically, the question is whether "conviction" in this statute also means "juvenile adjudication" or only contemplates adult convictions. Interpretation of a statute is a question of law over which this court's review is unlimited. *State v. Thompson*, 287 Kan. 238, 243, 200 P.3d 22 (2009).

At issue are two sentencing statutes; K.S.A. 21-4710, which determines the criminal history score of an offender for purposes of sentencing under the Kansas Sentencing Guidelines Act, and the persistent sex offender provisions of K.S.A. 21-4704(j). K.S.A. 21-4710 determines an offender's criminal history score for purposes of determining the sentence provided by the sentencing guidelines grid. The aggravated sentence provided by the grid is doubled under K.S.A. 21-4704(j)(2) for persistent sex offenders. The State maintains that the list of prior convictions in K.S.A. 21-4710, which includes certain juvenile adjudications, should be used to interpret a "prior conviction" for purposes of K.S.A. 21-4704. Boyer argues that if the legislature had intended juvenile adjudications to count as prior convictions for K.S.A. 21-4704(j), it could and would have clearly said so.

Any analysis of a statute must start with the language of the statute itself. The Court of Appeals opinion accurately describes and quotes K.S.A. 21-4710:

"K.S.A. 21-4710(a) determines which convictions are included for determining a defendant's criminal-history score, and that score determines the range of potential sentences for a specific offense. Obviously, whether some past offense counts for this purpose is important. The statute has specific references to both convictions and to juvenile adjudications, including a specific reference to which juvenile adjudications will be counted:

" '(a) Criminal history categories contained in the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes

are based on the following types of prior convictions: Person felony adult convictions, nonperson felony adult convictions, person felony juvenile adjudications, nonperson felony juvenile adjudications, person misdemeanor adult convictions, nonperson class A misdemeanor adult convictions, person misdemeanor juvenile adjudications, nonperson class A misdemeanor juvenile adjudications, select class B nonperson misdemeanor adult convictions, select class B nonperson misdemeanor juvenile adjudications and convictions and adjudications for violations of municipal ordinances or county resolutions which are comparable to any crime classified under the state law of Kansas as a person misdemeanor, select nonperson class B misdemeanor or nonperson class A misdemeanor. A prior conviction is any conviction, other than another count in the current case which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203 and amendments thereto, which occurred prior to sentencing in the current case regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case.' [K.S.A. 21-4710(a).]

Later subsections define terms like 'select misdemeanor,' which is a weapons violation, K.S.A. 21-4710(b), or clarify whether convictions ever 'decay' or cease to be counted. K.S.A. 21-4710(c), (d). No adult felony convictions ever go away for purposes of criminal-history scoring, K.S.A. 21-4710(d)(2), (3), but juvenile adjudications that are equivalent to adult felonies are scored forever only if they fit certain categories, like person felonies or particularly serious felonies. K.S.A. 21-4710(d)(4), (5), (6)." 40 Kan. App. 2d at 320.

## K.S.A. 21-4704(j) provides:

"(1) The sentence for any persistent sex offender whose current convicted crime carries a presumptive term of imprisonment shall be double the maximum duration of the presumptive imprisonment term. The sentence for any persistent sex offender whose current conviction carries a presumptive nonprison term shall be presumed imprisonment and shall be double the maximum duration of the presumptive imprisonment term.

"(2) Except as otherwise provided in this subsection, as used in this subsection, 'persistent sex offender' means a person who: (A) (i) Has been convicted in this state of a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto; and (ii) at the time of the conviction under paragraph (A) (i) has at least one conviction for a sexually violent crime, as defined in K.S.A. 22-3717 and amendments thereto in this state or comparable felony under the laws of another state, the federal government or a foreign government; or (B) (i) has been convicted of rape, K.S.A. 21-3502, and amendments thereto; and (ii) at the time of the conviction under paragraph (B) (i) has at least one conviction for rape in this state or comparable felony under the laws of another state, the federal government or a foreign government.

"(3) Except as provided in paragraph (2)(B), the provisions of this subsection shall not apply to any person whose current convicted crime is a severity level 1 or 2 felony."

Both the crime of which Boyer was convicted in this case and the crime of which he was previously adjudicated were sexually violent crimes, as defined in K.S.A. 22-3717.

Comparing and contrasting the two statutes, the Court of Appeals noted that K.S.A. 21-4704 refers only to convictions, while K.S.A. 21-4710 not only refers to both convictions and juvenile adjudications, it also specifies which types of juvenile adjudications will be counted in determining criminal history scores. The court stated:

"It seems significant that a persistent sex offender by definition must have 'at least one conviction for a sexually violent crime.' K.S.A. 21-4704(j)(2)(A)(ii). The juvenile system uses the term adjudication, not conviction. One might argue that adjudications are equivalent to convictions and, thus, the legislature's reference to convictions should be read broadly to include any equivalent determinations.

"But that seems a weak inference when the legislature has so carefully distinguished between criminal convictions and juvenile adjudications in other statutes, such as K.S.A. 21-4710." 40 Kan. App. 2d at 321.

The Court of Appeals then carefully reviewed one prior case of this court, *In re W.H.*, 274 Kan. 813, 57 P.3d 1 (2002), and four of its own precedents, *In re J.E.M.*, 20 Kan. App. 2d 596, 890 P.2d 364 (1995); *State v. Fischer*, 22 Kan. App. 2d 568, 919 P.2d 368 (1996); *State v. Crawford*, 39 Kan. App. 2d 897, 185 P.3d 315 (2008); and *State v. Sims*, 40 Kan. App. 2d 119, 190 P.3d 271 (2008), concluding that "[i]n each of these cases, courts have noted the care with which the statutes for both juvenile and adult proceedings have been written. In each of these cases, courts have declined to infer statutory coverage of situations not explicitly covered." 40 Kan. App. 2d at 322.

In *In re W.H.*, 274 Kan. 813, Syl. ¶ 3, this court examined the Kansas Juvenile Justice Code, including the absence in it of any reference to consecutive sentencing in juvenile cases, and concluded that the legislature did not authorize the imposition of consecutive sentences in juvenile cases. The court noted the comprehensive sentencing system set out by the Code including the

detailed placement matrix based upon the unique history of a juvenile's past and present offenses. It also noted the express inclusion of consecutive sentencing authority in the Kansas Sentencing Guidelines Act and concluded that had the legislature intended district courts to have the authority to impose consecutive sentences in juvenile cases, it would have said so explicitly. 274 Kan. at 819-23.

The question in *In re J.E.M.*, 20 Kan. App. 2d 596, closely resembles that of this case. J.E.M. appealed the district court's determination that his prior juvenile adjudications should be counted as convictions for purposes of enhancing a misdemeanor theft to a felony conviction. K.S.A. 1993 Supp. 21-3701 provided:

"Theft of property of the value of less than $500 is a class A nonperson misdemeanor, except that theft of property of the value of less than $500 is a severity level 9, nonperson felony if committed by a person who has, within five years immediately preceding commission of the crime, been *convicted* of theft two or more times." (Emphasis added.)

J.E.M. was adjudicated a juvenile offender for theft of property valued at less than $500, which the court determined to be a severity level 9 nonperson felony based on two prior theft adjudications. The Court of Appeals compared and contrasted the Juvenile Offenders Code and the Kansas Sentencing Guidelines Act and concluded:

"By specifically including juvenile adjudications in the guidelines statutes relating to criminal history computations and not including similar language in K.S.A. 1993 Supp. 21-3701, the legislature has demonstrated its intention that juvenile adjudications not be used to enhance the severity of a theft conviction." 20 Kan. App. 2d at 600-01.

The effect of the persistent sex offender provision in K.S.A. 21-4704(j) is virtually the same as the effect of the provision in K.S.A. 1993 Supp. 21-3701 at issue in *In re J.E.M.*; it serves to enhance the severity of the covered sex offenses.

*State v. Fischer*, 22 Kan. App. 2d 568, looked at whether a juvenile probation for a juvenile adjudication that would have been a felony if the juvenile had been an adult is the same as being on probation for a previous felony conviction. The Court of Appeals

concluded that it was not, based primarily on the reasoning set out in *In re J.E.M. Fischer*, 22 Kan. App. 2d at 570-71.

*State v. Crawford*, 39 Kan. App. 2d at 901-03, and *State v. Sims*, 40 Kan. App. 2d at 120-22, both review the three cases above and then reach the conclusion that an adult sentence may not be imposed consecutively to the sentence from a juvenile adjudication because K.S.A. 21-4603d(f) made no reference to juvenile adjudications at the time of the crimes in those cases. (The statute has since been amended; however, we note these cases reflect the law at the time of sentencing in this case.)

In each of the cases cited by the Court of Appeal's decision in *Boyer*, the court applied the standard rules of statutory interpretation in reaching the conclusion that the legislature is well aware of the distinction between juvenile adjudications and adult convictions. After reviewing these cases, the *Boyer* court applied the same analysis to the statutes in this case:

"[G]eneral rules of statutory interpretation also support Boyer's argument. First, the plain words of the statute reference juvenile adjudications in the general provision for calculating criminal-history scores but not in the specific provision determining who may be classified a persistent sex offender. Specific statutes generally control over more general ones. *In re K.M.H.*, 285 Kan. 53, 82, 169 P.3d 1025 (2007). Second, as the Kansas Supreme Court recognized in *In re W.H.*, the expression of one thing in a statute generally implies the exclusion of others. The juvenile-and adult-sentencing statutes are interrelated and have been carefully crafted. Juvenile adjudications are clearly referenced in several other adult sentencing statutes so we find the lack of explicit reference to them in the statute defining persistent sex offenders significant. It is unlikely that this omission was an accident. Third, under the rule of lenity, penal statutes are narrowly construed in favor of the defendant. *State v. Zeit*, 39 Kan. App. 2d 364, Syl. ¶ 3, 180 P.3d 1068 (2008); *In re J.E.M.*, 20 Kan. App. 2d at 600. To the extent that K.S.A. 21-4704(j) is ambiguous about whether juvenile adjudications may be used to classify someone as a persistent sex offender, we construe the statute in the defendant's favor . . . . It is within the legislature's authority to say that juvenile adjudications may be used for this purpose. But such authority should be clearly granted, not implied from ambiguous language." *Boyer*, 40 Kan. App. 2d at 322-23.

*Boyer* also deals with this court's decision in *State v. Allen*, 283 Kan. 372, 153 P.3d 488 (2007). In *Allen*, the court considered whether the district court's finding that a juvenile adjudication of aggravated incest was a sexually motivated crime and, therefore,

could be used as the basis of a persistent sex offender sentence violated the protections of *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). The issue arose because, at the time of Allen's conviction, aggravated incest was not listed as a sexually violent crime in K.S.A. 2004 Supp. 22-3717(d)(2)(A) through (I) and so, in turn, could not serve as the basis of a persistent sex offender sentence under K.S.A. 2004 Supp. 21-4704(j)(1) without the additional finding that it was a sexually motivated crime under K.S.A. 2004 Supp. 22-3717(d)(2)(L). *Allen* did not consider the issue whether a juvenile adjudication, as opposed to a conviction, for a sexually violent crime could serve as the basis of a persistent sex offender finding. The *Boyer* court dismissed the State's argument based on *Allen* by stating: "There is no indication in *Allen* that the court considered—or the defendant presented—the issue raised here by Boyer." *Boyer*, 40 Kan. App. 2d at 323.

Finally, the *Boyer* opinion reviews the opinion of a separate panel of the Court of Appeals in *State v. Swisher*, No. 94,705, unpublished opinion filed April 6, 2007, *rev. denied* 284 Kan. 951 (2007). That panel held that juvenile adjudications may serve as the basis for a persistent sex offender sentence. Although Swisher did argue that a juvenile adjudication is not the same thing as a conviction, the *Swisher* panel was primarily considering whether use of a juvenile adjudication as a basis for a persistent sex offender sentence violated *Apprendi*. *Swisher* cited *State v. Hitt*, 273 Kan. 224, 42 P.3d 732 (2002), *cert denied* 537 U.S. 1103 (2003) (*Apprendi* prior conviction exception encompasses juvenile adjudications and they need not be charged or proven to a jury before they can be used in calculating a defendant's criminal history score), and *Allen* to support its finding that use of the juvenile adjudication did not violate *Apprendi*. *Swisher*, slip op. at 6-7. It also opined that "there is no indication the legislature intended K.S.A. 2006 Supp. 21-4704(j)(2) to have a different application than K.S.A. 21-4710(a), which explicitly includes juvenile adjudications as a type of prior conviction for criminal history purposes." *Swisher*, slip op. at 6-7. The *Boyer* panel rejected this conclusion, stating:

"We believe that *Swisher's* assumption that the prior convictions defined in K.S.A. 21-4710(a) apply in all contexts is misplaced. K.S.A. 21-4710(a) has no explicit application to anything but figuring the criminal-history score, a separate endeavor from classifying a person as a persistent sex offender. In K.S.A. 21-4710(a), the legislature certainly has carefully defined which past convictions and adjudications count in calculating a criminal-history score. But the past cases we have cited note how carefully the statutes for criminal sentencing have been constructed. For the reasons we have explained, we cannot add language to K.S.A. 21-4704(j) that is not present there—and the statute simply makes no reference at all to juvenile adjudications or, for that matter, to K.S.A. 21-4710(a)." 40 Kan. App. 2d at 324.

We find the reasoning of the *Boyer* panel thorough and persuasive. The State's argument that there is no indication the legislature did not intend for juvenile adjudications to be the basis of a persistent sex offender determination ignores the plain language of K.S.A. 21-4704(j). The legislature did not include juvenile adjudications in the language of the statute as it did in K.S.A. 21-4710(a). On the contrary, there is no indication that the legislature intended the list of prior convictions set out in K.S.A. 21-4710(a) to apply to anything other than the determination of criminal history for the sentencing guidelines grid purposes. K.S.A. 21-4710(a) plainly states that "[c]riminal history categories contained in the sentencing guidelines grid for nondrug crimes and the sentencing guidelines grid for drug crimes are based on the following types of prior convictions." It does not say that the following types of prior convictions should be used for all purposes or even for the purpose of determining persistent sex offender status. Rather, the reference is evidently limited to determining criminal history categories for the sentencing guidelines grids.

The State's reliance on *State v. Armstrong*, 276 Kan. 819, 80 P.3d 378 (2003), is misplaced. The statute at issue in *Armstrong* was the subject of a constitutional attack by the defendant, and the court found there was a constitutional threat of arbitrary or discriminatory enforcement presented by reading the statute literally. In keeping with the established duty of the court to uphold the constitutionality of a statute if at all possible, the court did so. 276 Kan. 819, Syl. ¶¶ 2, 6. This case does not present a constitutional attack on K.S.A. 21-4704.

The State also points to the Kansas Offender Registration Act, which includes in the definition of "sex offender" any person who "is adjudicated as a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime," K.S.A. 22-4902(b), and argues that it would be illogical to conclude that the legislature intended for a defendant to be treated with greater leniency when he reoffended simply because his prior offense was committed when he was a juvenile. While this argument has some appeal, it ignores the fact that the legislature has specifically included juvenile adjudications in K.S.A. 22-4902(b), proving yet again that when it wants to include juvenile adjudications as a consideration, it is perfectly capable of doing so explicitly.

Finally, the State argues that *State v. Allen*, 283 Kan. 372, is an implicit affirmation that the inclusion of juvenile adjudications in persistent sex offender determinations is appropriate. This argument was addressed in the Court of Appeal's opinion. The *Allen* court did not consider the issue. See *Boyer*, 40 Kan. App. 2d at 323.

This court and the Court of Appeals have repeatedly held that the legislature not only knows how to distinguish between juvenile adjudications and adult convictions, but it has done so in several statutes. To hold that a reference to convictions in K.S.A. 21-4704(j) now also encompasses juvenile adjudications would throw doubt on the application of other current statutes. Presumably, the legislature has written the current statutes with the court's prior interpretations in mind. See *In re Adoption of G.L.V.*, 286 Kan. 1034, 1041-42, 190 P.3d 245 (2008). It is the prerogative of the legislature, not the court, to amend those statutes. We affirm the decision of the Court of Appeals in this case, holding that juvenile adjudications are not to be considered in the determination of persistent sex offender status under K.S.A. 21-4704(j).

Boyer's prior juvenile adjudications were not included in the complaint, and the State was not required to prove their existence beyond a reasonable doubt. Boyer maintains that this violates his rights under *Apprendi* but concedes that this issue has previously been decided adversely to him by this court. *Hitt*, 273 Kan. 224, Syl. ¶¶ 1-2; *State v. Ivory*, 273 Kan. 44, 46-48, 41 P.3d 781 (2002);

see *State v. Moore*, 274 Kan. 639, 55 P.3d 903 (2002). *Hitt* controls this issue, and there is no need for further elaboration.

The decision of the Court of Appeals vacating Boyer's sentences is affirmed. The district court is reversed, Boyer's sentences are vacated, and the case is remanded to the district court for resentencing.