(212 P.3d 260)

No. 100,531

STATE OF KANSAS, *Appellee*, v. ADRIAN REESE, *Appellant*.

Opinion filed July 31, 2009.

*Carl Folsom, III*, of Kansas Appellate Defender Office, for appellant.

*Bethany C. Fields*, deputy county attorney, *Barry Wilkerson*, county attorney, and *Steve Six*, attorney general, for appellee.

Before RULON, C.J., GREENE and LEBEN, JJ.

LEBEN, J.: Kansas law requires that certain sex offenders register with the state for 10 years "[u]pon the first conviction of a sexually violent crime" and for life "upon a second or subsequent conviction." K.S.A. 22-4906(a). When Adrian Reese was convicted of a sexually violent crime, the district court ordered him to register for life because he had a prior juvenile adjudication for a similar offense. But the legislature set up a different system—with registrations for no more than 5 years and the option of keeping the registration nonpublic—for juvenile offenders. And the legislature has shown that it knows how to differentiate between criminal convictions and juvenile adjudications in various statutes. We therefore reverse the district court's order of lifetime registration.

The State's argument on this issue is a classic resort to purposive statutory interpretation: the statute is designed to protect the public and keep a close eye on sex offenders, so let's broadly interpret "conviction" to include juvenile adjudications. But statutory interpretation focuses first on the words actually used by the legislature. If the legislature understands that there's a difference between an

adjudication—the term used when a juvenile is found to have committed a crime—and a conviction—the term used when a person tried as an adult is found to have committed one—then we cannot lightly disregard the legislature's choice to say "upon a second or subsequent conviction" rather than "upon a second or subsequent conviction *or adjudication.*"

The legislature understands this distinction quite well as we recently discussed in *State v. Boyer*, 40 Kan. App. 2d 318, 321-22, 191 P.3d 357 (2008). We reviewed several cases in which the Kansas Supreme Court and our court have concluded that a statutory reference to convictions didn't include juvenile adjudications. The Kansas Supreme Court reviewed our analysis of these cases and agreed with it: "This court and the Court of Appeals have repeatedly held that the legislature not only knows how to distinguish between juvenile adjudications and adult convictions, but it has done so in several statutes." *State v. Boyer*, 289 Kan. 108, 116, 209 P.3d 705 (2009).

The Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.*, is certainly one of these statutes in which the legislature demonstrated its ability to distinguish between convictions and adjudications. The statute contains a separate plan for the registration of juveniles. For "a person who is adjudicated as a juvenile offender for an act which if committed by an adult would constitute the commission of a sexually violent crime," registration is generally required for a 5-year period, not the 10-year period applicable on a first adult conviction. K.S.A. 22-4906(a), (h)(1). Moreover, the judge has the discretion to *waive altogether* the requirement that a juvenile sex offender register upon a finding of "substantial and compelling reasons," and the judge may as a matter of discretion provide that a juvenile's registration information be unavailable to the public. K.S.A. 22-4906(h)(2)(A). Those options are not available to judges in cases involving adult convictions.

So, for a first offense, a juvenile is subject to no more than 5 years of registration, and the judge may waive the registration altogether, while an adult is subject to a mandatory 10-year registration period. Yet the State would have us treat a juvenile adjudica-

tion as a first conviction. That reading simply is not consistent with the statutory language or scheme.

Even if there were some ambiguity in the statute so that we might consider reading "conviction" to mean "conviction or adjudication," we must take account of the rule of lenity. The Kansas Offender Registration Act is certainly a penal statute: failure to register as a sex offender is itself a level-5 felony offense. Under the rule of lenity, penal statutes are narrowly construed in favor of the defendant. *Boyer*, 40 Kan. App. 2d at 323. The rule of lenity is based on the notion that people should have fair notice of conduct that is criminal, *State v. Edwards*, 39 Kan. App. 2d 300, Syl. ¶ 1, 179 P.3d 472, *rev. denied* 286 Kan. 1181 (2008), and that concept has clear application to a statute requiring certain individuals to register with a local sheriff or be subject to imprisonment for a serious felony offense. See *People v. Franklin*, 20 Cal. 4th 249, 253-54, 84 Cal. Rptr. 2d 241, 975 P.2d 30 (1999) (applying rule of lenity to sex-offender registration law); *State v. Stratton*, 130 Wash. App. 760, 764-65, 124 P.3d 660 (2005) (same). We certainly cannot read "conviction" to mean "conviction or adjudication" without disregarding the rule of lenity's application to this statute.

Reese has raised several other issues in this appeal, but each of them is governed by recent decisions of the Kansas Supreme Court:

- Reese received an enhanced sentence as a persistent sex offender under K.S.A. 21-4704(j). The district court imposed this sentence after it concluded that Reese's juvenile adjudication counted as a conviction for purposes of classification as a persistent sex offender. But that very issue was decided in *Boyer*: "Juvenile adjudications are not to be considered in the determination of persistent sex offender status under K.S.A. 21-4704(j)." 289 Kan. 108, Syl. ¶ 3. Based on *Boyer*, we must vacate Reese's sentence and remand for resentencing.
- Reese argues that his juvenile adjudication may not be used in his criminal history because he was not given a jury trial as a matter of right, citing *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *In re L.M.*,

286 Kan. 460, 186 P.3d 164 (2008). But our Supreme Court has ruled that juvenile adjudications may be considered in a defendant's criminal history without violating *Apprendi. State v. Hitt*, 273 Kan. 224, 235, 42 P.3d 732 (2002). And while Reese contends that *Hitt* has been limited by *L.M.'s* holding that juveniles in Kansas have a jury-trial right, our Supreme Court rejected that argument. *State v. Fisher*, 288 Kan. 470, 474-75, 203 P.3d 1269 (2009). We note too that although Reese's juvenile adjudication may not be used for classifying him as a persistent sex offender, that juvenile adjudication may be used in determining his criminal-history score. See *State v. Taylor*, 27 Kan. App. 2d 62, 64, 998 P.2d 123, *rev. denied* 269 Kan. 940 (2000).

- Reese also argued that the district court violated his constitutional rights when it used any criminal-history information without proving it to a jury, citing *Apprendi*. But the Kansas Supreme Court has consistently ruled against this argument. *State v. Scaife*, 286 Kan. 614, Syl. ¶ 8, 186 P.3d 755 (2008); *State v. Ivory*, 273 Kan. 44, 45-48, 41 P.3d 781 (2002).

Because Reese was incorrectly sentenced as a persistent sex offender and incorrectly ordered to comply with sex-offender registration laws for life, we vacate his sentence and remand for resentencing.