(220 P.3d 1102)
No. 101,199

STATE OF KANSAS, *Appellee*, v. COLTON DALE, *Appellant*.

Opinion filed December 4, 2009.

*Lydia Krebs*, of Kansas Appellate Defender Office, for the appellant.

*Christina Trocheck*, assistant county attorney, *Ellen Mitchell*, county attorney, and *Steve Six*, attorney general, for the appellee.

Before STANDRIDGE, P.J., PIERRON and BUSER, JJ.

PIERRON, J.: Colton Dale pled guilty to one count of vehicle burglary in violation of K.S.A. 21-3715(c). Dale's overall criminal history classification as found by the district court was F. He was sentenced to 9 months in prison. He appeals his sentence. We vacate and remand for resentencing.

Dale had two prior juvenile adjudications for nonresidential burglary in violation of K.S.A. 21-3715. The presentence investigation (PSI) report indicated the special rule set forth in K.S.A. 21-4704(l)(2) (now at K.S.A. 2008 Supp. 21-4704[p]) was applicable since Dale had two prior juvenile adjudications for burglary.

Dale filed an objection to the PSI report. He argued that his juvenile adjudications for burglary were improperly counted as convictions under K.S.A. 21-4704(l)(2). The district court overruled the objection, finding that Dale's juvenile adjudications

should be considered as convictions for the purposes of K.S.A. 21-4704(l)(2).

The district court sentenced Dale to a prison term of 9 months with a postrelease supervision term of 12 months, pursuant to the enhancement provision in K.S.A. 21-4704(l)(2). Had the special rule not applied, Dale's sentence would have been 9 months' probation. See K.S.A. 21-4704(l)(2).

The statutory provision at issue, K.S.A. 21-4704(l)(2), provides in relevant part:

"[T]he sentence for a violation of K.S.A. 21-3715, and amendments thereto, when such person being sentenced has any combination of two or more prior convictions for violations of K.S.A. 21-3715 and amendments thereto, . . . shall be presumed imprisonment and the defendant shall be sentenced to prison as provided by this section."

Dale argues his two prior burglary adjudications for violation of K.S.A. 21-3715 should not have triggered the presumptive prison rule in K.S.A. 21-4704(l)(2) because of their juvenile nature.

This issue involves a question of statutory interpretation. The interpretation of a statute is a question of law subject to unlimited review. *State v. McCurry*, 279 Kan. 118, 121, 105 P.3d 1247 (2005). The interpretation of a statute starts with the language of the statute itself. *State v. Boyer*, 289 Kan. 108, Syl. ¶ 2, 209 P.3d 705 (2009). If the language used is plain and unambiguous, the court should not speculate on legislative intent or read the language to add something not included. *In re Adoption of A.A.T.*, 287 Kan. 590, 627, 196 P.3d 1180 (2008).

In various Kansas cases, the courts have concluded that a statutory reference to "convictions" did not also include juvenile adjudications.

In *In re J.E.M.*, 20 Kan. App. 2d 596, 890 P.2d 364 (1995), the court considered whether juvenile adjudications counted as convictions under K.S.A. 1993 Supp. 21-3701. Under K.S.A. 1993 Supp. 21-3701, theft of property worth less than $500, a misdemeanor, is elevated to a level 9 nonperson felony if committed by a person who has been convicted of theft two or more times within the previous 5 years.

J.E.M. appealed the district court's determination that his two prior juvenile adjudications for theft should be counted as convictions for enhancement purposes. The Court of Appeals concluded the plain language of K.S.A. 1993 Supp. 21-3701 indicates only prior theft "convictions," not "adjudications," may be used to enhance the severity level of the theft. 20 Kan. App. 2d at 600.

The *J.E.M.* court pointed to other provisions in the Kansas Sentencing Guidelines Act that explicitly referenced juvenile adjudications. K.S.A. 1993 Supp. 21-4703(d) includes adult felonies and misdemeanors as well as "juvenile adjudications" in the definition of criminal history. Additionally, K.S.A. 1993 Supp. 21-4710 refers to both convictions and adjudications. In light of the legislature's explicit reference to juvenile adjudications in those statutes, the court stated:

> "The legislature is aware that juvenile adjudications do not constitute criminal convictions. In drafting the Sentencing Guidelines Act, the legislature took great care to include criminal convictions and juvenile adjudications as part of the criminal history computation. Had the legislature meant for juvenile adjudications to be counted as convictions for the purpose of enhancing the crime severity level, it certainly could have drafted the statute to include them." *In re J.E.M.*, 20 Kan. App. 2d at 600.

The court considered a related issue in *State v. Fischer*, 22 Kan. App. 2d 568, 919 P.2d 368 (1996). The issue in *Fischer* was whether a juvenile on probation for an adjudication that would have been a felony if a criminal conviction is the same as being on probation for a previous felony conviction. The court applied the reasoning used in *In re J.E.M.* and concluded adjudications under the Juvenile Offenders Code are not considered criminal convictions. 22 Kan. App. 2d at 570 (citing *In re J.E.M.*, 20 Kan. App. 2d at 600). The court noted that the legislature, by failing to specifically include felonies committed by defendants while on juvenile probation within the statute, expressed its intent that adjudications were not to be used to enhance the severity level of a theft conviction. 22 Kan. App. 2d at 570-71 (citing *In re J.E.M.*, 20 Kan. App. 2d at 600-01).

In *Boyer*, 289 Kan. 108, the Supreme Court considered whether "conviction" as used in K.S.A. 21-4704(j)(2) also meant juvenile

adjudication. 289 Kan. at 109. Under K.S.A. 21-4704(j)(2), the maximum duration of imprisonment is doubled if the offender has a prior "conviction" for a sexually violent crime. The court concluded the legislature is well aware of the distinction between juvenile adjudications and adult convictions and held that the legislature's use of "conviction" in K.S.A. 21-4704(j)(2) did not include adjudications. 289 Kan. at 116.

The *Boyer* court also recognized that the mention or inclusion of one thing in a statute implies the exclusion of another:

" 'The juvenile- and adult-sentencing statutes are interrelated and have been carefully crafted. Juvenile adjudications are clearly referenced in several other adult sentencing statutes so we find the lack of explicit reference to them in the statute defining persistent sex offenders significant. It is unlikely that this omission was an accident.' " 289 at 113 (quoting *State v. Boyer*, 40 Kan. App. 2d 318, 322-23, 191 P.3d 357 [2008]).

In *State v. Sims*, 40 Kan. App. 2d 119, 122, 190 P.3d 271 (2008), the court held that K.S.A. 21-4603d(f) does not allow for consecutive sentences based upon previous juvenile adjudications. K.S.A. 21-4603d(f)(1) requires consecutive sentences for adult felonies but does not mention juvenile adjudications. The court again noted the significance of the "lack of explicit reference" to juvenile adjudications in the statute. 40 Kan. App. 2d at 121.

The *Sims* court also noted that penal statutes are narrowly construed in favor of the defendant. 40 Kan. App. 2d at 121. Applying the rule of lenity to this case, K.S.A. 21-4704(l)(2) should be construed in Dale's favor since a presumptive prison sentence has a serious impact. See 40 Kan. App. 2d at 121.

The issues in the above cases resemble the issue presented in this case. In the above cases, the Supreme Court and the Court of Appeals have declined to equate juvenile adjudications with convictions when adjudications are not mentioned explicitly in the language of the statute.

Here, the statute refers to convictions and not adjudications. K.S.A. 21-4704(l)(2). Had the legislature intended juvenile adjudications to be counted as convictions for the purposes of enhancing a sentence it could have included adjudications when drafting the statute. By specifically excluding mention of adjudications, the

legislature has expressed its intention that adjudications not be considered as convictions under K.S.A. 21-4704(l)(2).

The State argues the use of Dale's juvenile adjudications to enhance his sentence was proper pursuant to *State v. Allen*, 283 Kan. 372, 153 P.3d 488 (2007). The issue in *Allen* was whether the use in sentencing of Allen's juvenile adjudication for aggravated incest violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), and *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001). 283 Kan. at 373-74. The court held that under *Apprendi* and *Gould* whether Allen's aggravated incest adjudication was sexually motivated should have been submitted to a jury and proved beyond a reasonable doubt before the adjudication could be used to determine if Allen was a sexually violent offender. 283 Kan. at 379. *Allen* did not consider whether a juvenile adjudication could be classified as a conviction under the sentencing statutes. *Boyer*, 289 Kan. at 114. Thus, the State's reliance on *Allen* is misplaced.

It was improper for the district court to consider Dale's juvenile adjudications as convictions in order to enhance his sentence.

Dale also argues that the district court violated his constitutional rights when it increased the duration of his sentence because of his criminal history score without proving his prior adjudications beyond a reasonable doubt to a jury under *Apprendi v. New Jersey*. We will review this issue in case there is further appellate review.

Dale acknowledges that the Kansas Supreme Court has previously decided this issue adversely to him but includes it with the intent of preserving the issue for review. In *State v. Hitt*, 273 Kan. 224, 236, 42 P.3d 732 (2002), *cert. denied* 537 U.S. 1104 (2003), the court held that juvenile adjudications can be used in calculating a defendant's criminal history score without being charged in an indictment or proven to a jury beyond a reasonable doubt. The Court of Appeals is duty bound to follow Kansas Supreme Court precedent absent some indication the court is departing from its previous position. *State v. Beck*, 32 Kan. App. 2d 784, 788, 88 P.3d 1233, *rev. denied* 278 Kan. 847 (2004). There is no indication the court is departing from its previous position.

The district court did not err in basing Dale's criminal history on his previous juvenile adjudications without proving his prior adjudications to a jury beyond a reasonable doubt.

Affirmed in part, sentence vacated, and remanded for resentencing.