NOT DESIGNATED FOR PUBLICATION

No. 119,547

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GARTH ALLEN WALKER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed March 15, 2019. Affirmed.

*Rex L. Lane*, of Lane Law Office LLC, of Atchison, for appellant.

*Gerald R. Kuckelman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., POWELL, J., and STUTZMAN, S.J.

PER CURIAM: Garth Allen Walker appeals the district court's denial of his motion to dismiss charges against him arising from a traffic stop that he argues was unconstitutional. Walker argues the Kansas Highway Patrol trooper who stopped him incorrectly interpreted the requirements in K.S.A. 8-1545(a)(2) for making a left-hand turn and, as a result, the stop was an illegal seizure and detention that required suppression of all that followed. We find no error and affirm the district court.

1

FACTS AND PROCEDURAL BACKGROUND

On January 12, 2018, Kansas Highway Patrol Trooper Clayton Hill was on U.S. Highway 59 in Atchison, preparing to make a left turn onto U.S. Highway 73. Walker was driving a pickup in front of Hill, also turning left onto Highway 73. Prior to turning, both vehicles were in the left-hand westbound lane of Highway 59. Instead of turning into the nearest southbound lane of Highway 73, Walker turned directly into the furthest southbound lane. Hill stopped Walker for the infraction of making an improper left-hand turn. Hill saw no other infractions or crimes.

When Hill made contact, Walker gave his name and date of birth. Hill asked Walker about his license and insurance, and Walker replied his license was suspended and he had no insurance. Hill also noticed the tag on the truck Walker was driving was not registered to that vehicle. As a result, Hill charged Walker with driving while suspended, no vehicle registration, and no proof of liability insurance.

At Walker's bench trial, his counsel questioned Hill about the statute that provided the basis for his initial stop, K.S.A. 8-1545. This statute provides in part:

> "*Left turns.* The driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle. Whenever practicable a left turn at an intersection shall be made to the left of the center of the intersection, and any left turn shall be made so as to leave the intersection or other location in the extreme left-hand lane lawfully available to traffic moving in the same direction as such vehicle on the roadway being entered." K.S.A. 8-1545(a)(2).

Walker's counsel asked whether Hill believed Walker complied with the first sentence of the statute, and Hill agreed Walker did comply with that part. In the following questions about the second sentence of the statute, however, Hill did not agree

with the reading Walker's counsel proposed—that Walker was required to "get out of the left lane as soon as possible." Hill contended Walker was required "to turn from the left to the left." Walker moved to dismiss the case, arguing K.S.A. 8-1545(a)(2) was at least ambiguous and any doubt should be resolved in his favor.

The district court denied Walker's motion to dismiss and found Walker guilty of all three charges. The court sentenced Walker to one year in jail for the class A nonperson misdemeanor of driving while suspended, with a concurrent six-month jail term for failure to provide proof of insurance. The court also ordered Walker to pay a $200 fine for driving while suspended, $200 for no vehicle registration, and $300 for the failure to have liability insurance, plus costs and fees.

Walker timely appeals.

ANALYSIS

Walker contends Hill stopped him on the basis of a misinterpretation of K.S.A. 8-1545(a)(2). As a result, Walker argues he was illegally seized and detained and the discovery of the two misdemeanors and the infraction for which he was convicted constitute "fruits of the poisonous tree." See *State v. Morris*, 276 Kan. 11, 25-26, 72 P.3d 570 (2003) (evidence obtained as a result of an illegal seizure should be suppressed).

Walker first raised this issue in his motion to dismiss. When reviewing a district court's denial of a motion to dismiss, the standard of review is determined by the ground on which dismissal was sought. *State v. Garcia*, 282 Kan. 252, 259, 144 P.3d 684 (2006). Since Walker argues that Hill lacked a legal basis for stopping him, he raises a question of law, over which our review is unlimited. See 282 Kan. at 260.

The Fourth Amendment to the United States Constitution guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." A traffic stop is a seizure under the Fourth Amendment. *City of Atwood v. Pianalto*, 301 Kan. 1008, 1011, 350 P.3d 1048 (2015). To comply with the Fourth Amendment, an "officer must know of specific and articulable facts that create a reasonable suspicion the seized individual is committing, has committed, or is about to commit a crime or traffic infraction." *State v. Jones*, 300 Kan. 630, 637, 333 P.3d 886 (2014).

Walker attacks K.S.A. 8-1545(a)(2), arguing the statute does not clearly require a driver making a left turn to turn from the left lane of his original road into the left lane in his new direction of travel. In support, he points to a comment in an opinion of this court that K.S.A. 8-1545 "is not a model of clarity" and "is not well written." *Guillan v. Watts*, 15 Kan. App. 2d 405, 414, 808 P.2d 889, *aff'd* 249 Kan. 606, 822 P.2d 582 (1991). He also asserts that at trial Hill admitted the section is confusing, although what Hill actually said—in reference to the questioning about the section in cross-examination—was: "Our conversation is confusing."

Even the State concedes that K.S.A. 8-1545 "is not totally clear and may be subject to multiple interpretations." But see *Guillan*, 249 Kan. at 619 (holding that K.S.A. 8-1545(a)(2) is not unconstitutionally vague and gives fair warning to those subject to it). Walker further claims the district court should have applied the rule of lenity to construe the statute in his favor and grant his dismissal motion. See *State v. Reese*, 42 Kan. App. 2d 388, 390, 212 P.3d 260 (2009) ("Under the rule of lenity, penal statutes are narrowly construed in favor of the defendant.").

Walker's arguments notwithstanding, parsing the phrases of K.S.A. 8-1545 in a search for true meaning is not required here since Walker was not convicted of violating K.S.A. 8-1545. The single relevant issue is whether Hill had a reasonable belief that

4

Walker had committed an infraction by making an improper left turn. If Hill correctly interpreted the law, the stop was valid, and even if we were to disagree with Hill's understanding of the requirements for a left turn, "reasonable suspicion can rest on a mistaken understanding of the scope of a legal prohibition." *Heien v. North Carolina*, 574 U.S. ___, 135 S. Ct. 530, 536, 190 L. Ed. 2d 475 (2014). "Reasonable suspicion arises from the combination of an officer's understanding of the facts and his understanding of the relevant law. The officer may be reasonably mistaken on either ground." 135 S. Ct. at 536.

Even if we accept for our present purposes that Walker's view of that law's requirements could be a reasonable interpretation, Hill's reading is also reasonable. The disputed language is that

> "any left turn shall be made so as to leave the intersection . . . in the extreme left-hand lane lawfully available to traffic moving in the same direction as such vehicle on the roadway being entered." K.S.A. 8-1545(a)(2).

At the trial, Walker's counsel used "leave" in the sense of causing something to be in a particular status—as in, "leave it open." In that sense, he suggested Walker was required to make sure he *did not* turn into the southbound left lane so it would be "available to traffic moving in the same direction."

Hill's interpretation that the law requires a driver to "to turn from the left to the left" comes from a different approach. Hill reads "leave the intersection" to mean exit or depart from and takes "in the extreme left-hand lane lawfully available to traffic moving the same direction as such vehicle" to mean "in*to* the extreme left-hand lane *that is* lawfully available to traffic moving in the same direction as *the turning vehicle*."

5

Again, the issue before us does not require us to find which is correct. We have no difficulty, however, accepting Hill's interpretation as reasonable. And having arrived at that conclusion, we find the district court committed no error in denying Walker's motion to dismiss. As *Heien* instructs, even if Hill could be found to be ultimately wrong about the interpretation of K.S.A. 8-1545(a)(2), the reasonableness of his interpretation supports the reasonable suspicion needed to stop Walker.

Affirmed.